## ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

# CV 16 - 6401

Manuel Perez
_____
                    Plaintiff,

[Insert full name of plaintiff/prisoner]

**CIVIL RIGHTS COMPLAINT**
42 U.S.C. § 1983

        -against-

New York City Police Dept., Officers
Christopher Camacho, Kerri Hoovert,
and Detective Kenneth Paccio from 115
Precinct, et al.

Richard A. Brown, Maryam N'ha Margo
Lipkansky, Assistant District
Attorney, District Attorney Office's,
and the Supreme Court, et al.,

JURY DEMAND

YES ✓   NO _____

**DONNELLY, J.**

**LEVY, M.J.**

RECEIVED
NOV 0 9 2016
PRO SE OFFICE

                Defendant(s).

[Insert full name(s) of defendant(s).  If you need additional
space, please write "see attached" and insert a separate
page with the full names of the additional defendants.  The
names listed above must be identical to those listed in Part I]

I.   **Parties:**  (In item A below, place your name in the first blank and provide your present
     address and telephone number.  Do the same for additional plaintiffs, if any.)

     A.  Name of plaintiff  _Manuel Perez_____

     If you are incarcerated, provide the name of the facility and address:

     Woodbourne Correctional Facility, 99 Prison Road
     _____

     P.O. Box 1000
     _____

     Woodbourne, New York 12788
     _____

     Prisoner ID Number:  05A1946_____

If you are not incarcerated, provide your current address:

_____

_____

_____

Telephone Number: _____

**B. List all defendants.** You must provide the full names of each defendant and the addresses at which each defendant may be served. The defendants listed here must match the defendants named in the caption on page 1.

Defendant No. 1

Christopher Camacho.
Full Name

New York City Police Officer in Queens.
Job Title

92-15 Northern Boulevard

Jackson Heights, Queens N.Y. 11372
Address

Defendant No. 2

Kerri Hoovert,
Full Name

New York City Police Officer in Queens.
Job Title

92-15 Northern Boulevard

Jackson Heights, Queens N.Y. 11372.
Address

Defendant No. 3

Kenneth Paccio,
Full Name

New York City Detective in Queens County
Job Title

92-15 Northern Boulevard (Contineue next page)

2

Jackson Heights, Queens, N.Y. 11372
Address

**Defendant No. 4**

Richard A. Brown, District Attorney, and Maryam N'ha Margo Lipkansky.
Full Name

Assistant District Attorney in Queens.
Job Title

125-01 Queens Boulevard

Kew Gardens, N.Y.  11415
Address

**Defendant No. 5**

The Supreme Court, et al.
Full Name

New York State Supreme Court in Queens,
Job Title

125-01 Queens Boulevard

Kew Gardens,  N.Y. 11415.
Address

## II.    Statement of Claim:

(State briefly and concisely, the facts of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred.  Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights.  You need not give any legal arguments or cite to cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  You may use additional 8 ½ by 11 sheets of paper as necessary.)

Where did the events giving rise to your claim(s) occur?  39-16   111th Street
Corona Queens, N.Y.  11368.

When did the events happen? (include approximate time and date) January 29, 2002,
approximately  5:05 a.m.

3

Facts: (what happened?) _See The NExT Eleven (11) Pages._

**II.A.   Injuries.**   If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required.  Was medical treatment received?

Psysical and mental injuries; Psychiatrict treatment on a daily

basis, also under the care of medication psycotropic., Medical

treatment and medications for tyroid, asthma, allergies,

cholesterol, stomach, headache, dizziness, eye, and others

symptom. I request to be continue with psychiatrict treatment

and medical treatment with medications.

4

## STATEMENT OF FACTS

On January 29, 2002, I was eating at a Fast Food restaurant located at 39-16 111th Street, at approximately 5:05 am. upon leaving the restaurant, I was approached by two (2) Officers (Christopher Camacho and Kerri Hoovert). At that time Police Officer Camacho ordered me to place my hands on the outside wall. After being searched by Officer Camacho, there was no contraband or any illegal items found on my possession. See exhibit. A. After that I was searched by Officer Camacho, P.O. Hoovert went inside of the restaurant. P.O. Hoovert supposedly found an empty gun magazine inside of the beer boxes, she also said that she found a gun in the back of the restaurant in a separate place. P.O. Hoovert came out of the restaurant stating that she wants to search me once again. After P.O. Hoovert searched me, she stated to me that she found an empty gun magazine in my pant pocket. The results of the ballistic testing of the gun were that the gun was inoperable due to improper firing pin assemble. See exhibit. B. Also no finger prints were taken from the gun or the empty magazine. Now there is no gun charges imposed against me at my sentencing. But on July 12, 2004, during trial A.D.A., Lipkasnki presented as evidence fabricated for the purpose of the positive ballistic reports, which would have matched the gun that was found on the day of my detention on January 29, 2002 at 5:05 am. I was originally detained because I had kicked out the window of the Police car and charged with Criminal mischief in the 3rd degree. After that I was stopped and searched without a probable cause. See exhibit. C. After this incident I was taken to the hospital because I was physically and mentally abused by Officer Hoovert and Officer Camacho and other unidentified Officers. I wasn't able to see for several hours due to being

5

pepper sprayed by Officers Hoovert and Camacho. I was suffering also with a asthma attack at the same time. See exhibit. C.

Officer Camacho and Officer Hoovert handcuffed me and placed me in the back seat of the Police car. I was trying to get out of the Police car because the window was closed, so I was forced to kick out the Policecar window. See exhibit. C.

On or about January 29, 2002, at approximately 8:00 am. from the hospital I was taken to the 115th precinct for the first time and initially charged for kicking out the window of the Police car.

Miranda Rights interview on January 29, 2002, at approximately 9:00 am. by Detectives in the 115th precinct for the initially charge of Criminal mischief in the 3rd degree. The N.Y.P.D. and the Queens County District Attorney's Office has certified that the original arrest report for Criminal mischief in the 3rd degree does not exist or cannot be found after their search. See exhibit. D. In this interview nobody was talking about any gun, empty gun magazine or any robbery accusations.

On or about January 29, 2002, at approximately 2:00 pm., I was taken to Central bookings to be arraign at Kew Gardens Queens, for the charges of Criminal mischief in the 3rd degree. Queens County District Attorney's Office denied me a copy of thus said document. See exhibit. E. My personal F.O.I.L. Request.

Before seeing the Judge I had suffered another asthma attack and had to be taken to the hospital again for the second time. While I was in the hospital for a few hours later on January 29, 2002, at approximately 6:40 pm. See exhibit. F.

When two (2) Police officers came over and stated that I had to go back to the 115th Precinct to be placed on a line-up for a Robbery accusation. This proceeding pertaining to the re-arrest of January 29, 2002, at approximately

6

6:40 pm. <u>See exhibit. F.</u>

Fourteen (14) hours between the original arrest January 29, 2002, at approximately 5:05 am. --- To the re-arrest January 29, 2002 at approximately 6:40 pm. From the hospital I was driven back to the 115th precinct for the second time at approximately 7:30 pm. Before I saw the Judge. At this time no miranda Rights were by any Detective's in the 115th precinct for the Robbery accusations or any other accusations before these three line-ups, my Mirandarights were violated. They have nothing existing to prove they had Mirandized me at any time.

On January 30, 2002, at approximately 12:15 am. On the next day twenty (20) hours late r Detective Paccio, K., decided to place me in a line-up. <u>See exhibit. G.</u>

Detective Paccio forced me by threats to tell him the number of the seat I would be sitting in for these line-ups. since I wasn't afraid or didn't have anything to hide by sitting on these line-ups I told him that I would be sitting in seat number three (3). Eduardo Checo was the only person who accused me at Trail on July 12, 2004, Mr. Checo never once showed up in 115th Precinct to participate in the line-up procedure. <u>See exhibit. G and H.</u> But the N.Y.P.D. and the District Attorney's Office in Queens has certified that these line-ups proceedings are unable to locate. <u>See exhibit. H.</u> Eduardo Checo.

The only person that supposedly identified me at trial gave two conflicting testimony's. One (1) when he called the Police on January 12, 2002. <u>See exhibit. I.</u>

The second (2) testimony made differently on July 12, 2004, at trial. <u>See exhibit. J.</u> Mr. Checo has a criminal record for felony convictions. <u>See exhibit K.</u>

Mr. Checo is addicted to cocaine. See exhibit. L.

Mr. Checo did not show up at the 115th precinct to participate at the line-ups. See exhibit. G and H.

The arresting Officers (Hoovert and Camacho), along with A.D.A. Lipkanski used the re-arrest to fix the original arrest to make a positive I.D. and a big case against me. The A.D.A. stated that they originally arrested me for Robbery charges, they used the false testimony made by John Gutierrez as well as the false testimony of the arresting Officers (Hoovert and Camacho). When you review the Mapp,Wade and Huntley hearing which was conducted by Judge Grosso on February 19-21, 2003, it will reveal how Officer's Camacho, Hoovert and the A.D.A. Lipkanski fabricated their own probable cause which included false testimony from Officers Hoovert and Camcho, whom both testified that there was a man by the name of John Gutierrez who supposedly fingered me from a Police van and stated to them that I was the person who had robbed him. On July 19, 2004, Mr. John Gutierrez testified at trial. Mr. Gutierrez did not identified me. See exhibit. M.

When in reality there was no one other than the officers themselves in the Police van. At no time was Mr. Gutierrez present or inside any Police van on January 29, 2002, at approximately 5:05 am. On the location that I was detained at 39-16 111th street, Queens New York 11368. John Gutierrez testified at the Grand Jury against me in order to obtain permanent legal residency and citizenship in the United States. Mr. Gutierrez negotiated this deal with the District Attorney's Office Assistant Maryam Margo Lipkanski with the arresting Officers Hoovert and Camacho. Mr. Gutierrez allegedly was robbed forty-five (45) minutes before I was detained for the Criminal mischief in the 3rd degree. These line-ups were conducted by Detective Paccio on January 30,2002, at approximately 12:15 am. Four (4) hours later on

January 30, 2002, at approximately 4:15 am. Twenty four (24) hours after my
original detention I was brought back to the courtroom for the second time
without seeing any Judge. See exhibit. N. For this crime I was later indicted
under the Ind. NO: 342/2002. During my trial proceeding I was assigned court
appointed counsel Mr. Andrew Worgan 125-10 Queens Blvd., Kew gardens, N.Y.
11415, who among other things failed to put me in for a Dunaway hearing so
that particulars of my arrest could rightfully be challenged, but Mr. Worgan
did not do this. I was taken to trial without challenging all these errors
and because my Attorney Mr. Worgan did not challenge these errors these
things contributed to my conviction. I was found guilty at this trial because
of the denial of the Dunaway hearing. I was assigned Ms. Denice Powell as my
appellate counsel by this court. After being found guilty by the Lower courts
I was sentenced to twenty (20) years in prison. The appellate counsel Ms.
powell ignored the probable cause issue at hand which was the false testimony
by the arresting Officers and the fabricated evidence. A simple review of the
trial records concerning the Mapp, Wade and Huntley hearing conducted by
Judge Grosso on February 19-21, 2003, will reveal that I was denied of a fair
trial and opportunity for a fair litigation of the present claim. The
probable cause for the arrest and accusation of robbery were completely
fabricated.

Please see the 115th precinct log-book entry report of the original arrest
report on January 29, 2002. There is no arrest reports for the robbery
accusations on the date and time mentioned above. Till this date the N.Y.P.D.
and the District Attorney's Office is still holding out these records. See
exhibit C.

The court ignored to give me my due rights to a Dunaway hearing because they
know that I had been illegally detained and that the presumed probable cause

for the arrest and accusations of this robbery were completely fabricated.
See exhibit O.

1-- There is no arrest reports in the records for the original arrest for the
charges of Criminal mischief in the 3rd degree on January 29, 2002, at
approximately 5:05 am. Please see the 115th precincts log-book. Also there is
no arrest record for the robbery accusations or gun charges on the date and
time mentioned above from 39-16 111th street, Queens New York 11368. See
exhibit C.

2-- There is no record for the Miranda Rights interview for the charges of
Criminal mischief in the 3rd degree from January 29, 2002, at approximately
9:00 am. See exhibit. D.

3-- There is no Miranda Rights interview after my re-arrest on January 29,
2002, at approximately 6:40 pm. while I was in the 115th precinct before
these three (3) line-ups on January 29, 2002, at approximately 6:40 pm -- to
January 30, 2002, at approximately 12:15 am. My Miranda Rights were never
processed on this date and time. In 2003 the A.D.A. Lipkanski with arresting
Officers Hoovert and Camacho sent Mr. Checo to Rikers Island at 1600 Hazen
street, O.B.C.C. they placed Mr. Checo in a neighboring dormitory to the one
I resided in, so that they could see if Mr. Checo recognized me in my
physical traits in order to use Mr. Checo as a witness against me in court
for my trial. Mr. Checo and I went to the messhall, yard and religious
services together. One day mr. Checo asked me my name to which I told him my
name is Manuel Perez. That was when I asked him who he was. Mr. Checo
responded back saying "I am Eduardo Checo, but don't worry I won't go to
court to accuse you since I don't know who did me harm." Many days later Mr.
Checo disappeared from Rikers Island. Let the record reflect that the court
records show the Judge for Mr. Checo's case dismissing Mr. Checo case. Mr.

Checo was brought to Rikers Island on absent criminal charges. He was brought to Rikers Island only on the pretenses of recognizing my face so I can be positively identified at trial on July 12, 2004. See exhibit Q. Mr. Checo was acquitted.

4-- There is nothing on the records from January 30, 2002, at approximately 12:15 am. to prove that these three (3) line-ups conducted by Detective Paccio were legal. See exhibit. H

5-- N.Y.P.D. and One Police Plaza have no records of these three (3) line-ups in their office. See exhibit H.

6-- Queens County District Attorney's Office also has no records, only the three pages sent to me by A.D.A. Rona Kugler. See exhibit. H.

7-- There is nothing on the records from the original arrest reports from 115th precinct log-book of January 29, 2002, at approximately 5:05 am. Also there is nothing from these line-ups. The Queens County District Attorney's Office made an illegal and false indictment without any documents to the indictment procedure 342/02. See exhibits. C and H.

Since January 29, 2002, at approximately 5:05 am., the date and time that I was detained. I have been illegally stopped by the arresting Officers kerri Hoovert and Chritopher Camacho from the 115th precinct in Queens county, they also illegal searched me, illegally arrested me and used false testimony by arresting Officers Hoovert and Camacho, as well as using a false testimony by a man named John Gutierrez who was used as a pawn by the arresting Officers combined with the District Attorney's office in Queens county. Not to mention the unlawful imprisonment under the indictment number 342/02.

This claim is based on the Fourth Amendment and the three (3) illegal/false line-ups, false testimony's and fabricated evidence. On March 29, 2005, I

was sentenced after three (3) psychiatrist testified before the Judge Rotker and declared me unfit to stand trial or sentencing. Also see my F.O.I.L request on <u>July 15, 2015</u>. This request never will be completed because there is no records existing in the court files. <u>See exhibit P.</u>

I also have the courts findings from the 2004 proceedings page 19 which state <u>"We know that on a number of occasions he has been found unfit. The 3.90</u> <u>evaluation found me to be unfit as well as some Doctors on the 7.30</u> <u>evaluation to find me unfit. Where they further go on to state on the record</u> <u>that they have done some earlier 7.30 examinations and come to find out that</u> <u>I have problems. The psychiatrist stated "I am not stating that he doesn't or</u> <u>that he is an angel. I think his psychiatric problems had the polysubstance</u> <u>abuse problems that go back a very, very long way."</u> See exhibit R.

 Here are a list of all the hospitals that I have been admitted to starting with Elmhurst hospital in Jackson Heights 11372. Bellvue hospital, Psychiatric records. Kings county hospital, psychiatric records. Mid-Hudson forensic psychiatric center hospital and the New York State Department system.

Today I am incarcerated once again by Officers from the same precinct of 115th in Queens county. Everything that is written here is true and exact. I am sure that I am serving time in prison illegally under indictment number# 342/02.


RESPECTFULLY SUBMITTED,

Mr. Manuel Perez #05-A-1946

<u>Individual Complaint for each defendants</u>

On January 29, 2002, approximately 5:05., Police Officers
Christopher Camacho and Kerri Hoovert they stop, search and
detained me without a probable cause in Violation of the fourt
Amendment, I wasn't able to see for several hours due to being
pepper sprayed by Officers Hoovert and Camacho, I was forced to
kick out the police car window, due suffering asthma attack. And
because all this they accused me for criminal mischief 3rd degree.
Thirteen (13) hours after the same day at 6:40 p.m., while I was
in the hospital for a few hours, two (2) Police Officers from 115
precinct came over and stated that I had to go back to the 115th
precinct to be placed on a line-up for a robbery accusation.
Officers Camacho and Hoovert fabricated their own probable cause
for the arrest and for the accusations of robbery which included
false restimony from Officers Camacho and Hoovert, whom both
testified that there was a man by the name of John Gutierrez who
supposedly fingered me from a police van and stated to them that
I was the person who had robbed him. When in reality there was
no one else than the Officers themselves in the police van. At
no time was Mr. Gutierrez present or inside any police van on
January 29, 2002, approx. 5:05 a.m.,  On July 19, 2004, Mr.
Gutirrez testified at trial. Mr. Gutirrez did not identified me.
they used the re-arrest to fix the original arrest to make a
positive I.D. There is no miranda rights interview were conducted
for robbery accusations on January 29, 2002, a.m. Or p.m. This
day.

13

Detective Kenneth Paccio. On January 30, 2002, at approximately, 12:15 a.m. Twenty (20) hours after three (3) different line-ups were conducted by Detective Kenneth Paccio, illegal and fabricated without any documents to prove that those five (5) witnesses showed up in for these line-ups there is no existing documents for those line-ups.

Maryam Margo Lipkansky A.D.A., On february 6, 2002, the District Attorney Office's made a fabricated/false indictment without any evidence, or sufficient material to justify the charges brought against me. On Februar 19 and 21, 2003, there differents hearing were conducted by Judge Grosso Part K-12. A.D.A. Lipkansky brought me to those hearing with false testimony by the arresting Officers Hoovert and Camacho, also false testimony made by John Gutierrez, and the fabricated evidence that was used by Judge Grosso in these three (3) hearings combined with A.D.A. Lipkansky and Officers Hoovert and Camacho. My previous Lawyer Thomas G. Sheehan, witness of this process.

Judge Seymour Part K-19. On July 12, 19 and 20, 2004, A.D.A. Lipkansky brought me to trial in front of Judge Seymour with with fabricated evidence, false testimony from Officers Hoovert and Camacho also false testimony were given by a man named John Gutierrez, false testimony by detective Paccio. Judge Seymour K-19 knew that he was processing a illegal trial.

14

District Attorney Office's and Police Officers from 115th precinct.

On 2003, the A.D.A. Lipkansky with the arresting Officers Hoovert and Camacho combined with the Supreme Court sent Mr. Checo to Riker Island at 1600 Hazen Street without any charges against Mr. Checo. They placed Mr. Checo in a neighboring dormitory to the one I resided in, so that they could see if Mr. Checo recognized me in my physical traits in order to use Mr. Checo as a witness against me in Court for my trial.

Respectfully Submitted,

Date: _November/ 7_ ,2016.

Woodbourne Corr. Facility

Manuel Perez, 05A1946

15

III.   **Relief:** State what relief you are seeking if you prevail on your complaint.

I want the N.Y.C. Police Department. P.O. Christopher Camacho,

P.O. Kerri Hoovert, Detective Kenneth Paccio, Richard A. Brown,

Maryam N'ha Margo Lipkansky, District Attorney Office's and the

Supreme Court, et al., to pay me the sum of $20.000.000, millions

dollar for unlawfull imprisonment with malisious inttentions,

since January 29, 2002, my life has been turned upside down as
well my Family and friends by those defendants above mentioned
for my arrest and incarceration illegally. END.

I declare under penalty of perjury that on _____, I delivered this
                                                    (date)
complaint to prison authorities at _____ to be mailed to the United
                                          (name of prison)
States District Court for the Eastern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11/7/16

_____
Signature of Plaintiff

Woodbourne Correctional Facility
Name of Prison Facility or Address if not incarcerated

99 Prison Road

P.O. Box 1000

Woodbourne, N.Y. 12788
Address

05A1946
Prisoner ID#

rev. 12/1/2015

Manuel Perez, 05A1946
Woodbourne Corr Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★　NOV 0 9 2016　★

LONG ISLAND OFFICE

United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

Re: Queens County
Indictment No.:342/2002

November 7, 2016

Dear Hon. Clerk;

Enclosed please find, the original and two (2) copy of a complaint under the Civil Rights Act, 42 U.S.C. & 1983, alleged unlawfull imprisonment under the Queens Conty Ind. No.:342/02, stated with illegal stop, illegal search, illegal arrest, false testimony by the arresting Officers (Hoovert and Camacho), false/fabricate evidence, combined with A.D.A. Maryam Lipkansky, and false testimony were given by a man named John Guttierez, three (3) fabricated line-ups.

The false testimony made by the arresting officers, and John Gutierrez, against me was made with the purpose of they fabricate their own probable cause stated that John Guttierrez identify me from a Police van, when in reality there was no one other then the officers themselves in the Police van. The probable cause for the arrest and accusation of robbery were completely fabricated. Please see 115 precinct Logbook on January 29, 2002, a.m. There is no arrest reports for robbery accusations on the day the and time above mentioned. My Constitutional Rights were Violated by those defendants above mentioned.
The District Attorney Office's made a false/illegal indictment without any evidence, or sufficient material to justify the charges brought against me.

cc: 115 Precinct Queens County
    P.O. Christoper Camacho and
    P.O. Kerri Hoover, and Detz
    Kenneth Paccio.

    Queens County District Attorney
    Office's, A.D.A. Maryam
    Lipkansky.

    Queens County Supreme Court
    Judge Grosso and Seymour, et al.

Respectfully Submitted,

Manuel Perez

( EXhibiT A. )

43

P.O. Camacho-People-Cross

1        A.    Yes.

2        Q.    Was he by himself?

3        A.    Yes.

4        Q.    And you said to Mr. Perez, come outside?

5        A.    I asked him if he could stand up and come outside

6    and have a word with me.

7        Q.    What did Mr. Perez say back to you?

8        A.    He said, "sure."

9        Q.    Did you speak to him in English or Spanish?

10       A.    English.

11       Q.    And when you had him come outside, did you stop him

12   at the doorway to frisk him?

13       A.    Yes.

14       Q.    And did you recover anything at that point?

15       A.    I did not recover anything.

16             MS. LIPKANSKY: Objection.

17       Q.    Did you frisk him at that point?

18       A.    I gave him a pat down.

19       Q.    All right. And after you gave him a pat down, you

20   had him up against the wall outside the restaurant?

21       A.    Not up against the wall, no.

22       Q.    You had him just standing on the sidewalk?

23       A.    Yes.

24       Q.    Back to the wall?

25       A.    No, back to me.

CHT

EXHIBIT B.

POLICE LABORATORY
ANALYSIS REPORT
PD 521-151 (Rev. 9-95)-h2

Police Lab. No. __FAS# 02/897__
Case No. _____ Sqd. _____
U.F. 61 No. __1029__ Pct. __115__
Arrest No. _____ Pct. _____
Precinct Voucher No. __L248926__
Docket No. _____

LABORATORY CLASSIFICATION ___FIREARM EXAMINATION___          DATE ___02/05/02___

RECEIVED
FROM        MESS:FOR: P.O. HOOVERT    TAX#923962          1944          115 PCT.
                    RANK              NAME                SHIELD No.      COMMAND

___02/01/02___                      THE FOLLOWING ITEMS LISTED BELOW:
   DATE

| Laboratory No. | Identifying Marks | EVIDENCE | DEFENDANT(S) |
|---|---|---|---|
| FAS#02/897 | | | PEREZ, MANUEL   01/29/02 |

RESULTS OF EXAMINATION OR ANALYSIS:

GUN:        40 S&W H.M.I S/A PISTOL    NO/MAG.
            SER# B03830
            MODEL-STEALTH 4000
            3 3/4" BBL. 6½" OVERALL LENGTH   6R
            WHITE METAL SLIDE BLACK FRAME & GRIPS

AMMO W/GUN:  NONE.

TEST:        FUNCTION TESTED

RESULTS:     GUN INOPERABLE DUE TO IMPROPER FIRING PIN ASSEMBLY.

IR - verified by Dt. Scolo Chemeq
FAS# 02/897                    2/5/02

I hereby certify that I tested / examined / analyzed the
above described item(s) and that this report is a true and
full copy of the original report made by me.
False statements made herein are punishable as a Class
"A" misdemeanor pursuant to section 210.45 of the Penal
Law.

SWORN TO BEFORE ME THIS _____ DAY OF

_____, 19

Det Die Ilia #6248 2/5/02.

                              DET. NAPOLITANO    FAS    5100
                              RANK    NAME              SHIELD No.

                              CHEMIST / TECHNICIAN - POLICE LABORATORY

EXhibiT C .

Mr. Manuel Perez, #05-A-1946
Green Haven Correctional Facility
Box 4000
Stormville, N.Y. 12582

August 4, 2009

Kerry J. Kelly, Director
Chief Medical Officer
Fire Department City of New York
9 Metro Tech Center.
Brooklyn, N.Y. 11201

RE:   Information of Report of 1/29/02

Dear Director Kelly:

On January 29, 2002, an FDNY Ambulance Unit responded to an
call from the 115 Precinct to take me to the Hospital. The Unit
that arrived issued an report under 29 NO. 3414401 4, ACR #06586-
88; Driver Shield #1168; Tech Shield #5948, Unit 46C1, CAD No.
0944. This unit took me to Booth Hosptial on 1/29/02 at 0627

I am trying to identity the personnel who took me to the hospital
because their names are not in the report filed, and I was infor-
med to write to you for this information.

So to give you a better outlook as to what I am referring too,
enclosed please find a copy of said report, and please also
provide the address to the receiving hospital (BOOTH), or what-
ever hospital as identified at the bottom as (EGH).

I thank you for your time, attention and concern in this matter,
and look forward to your prompt response in this immportant
matter.

Sincerely yours,

MP/

cc:   File

Manuel Perez

5



# FIRE DEPARTMENT
9 METROTECH CENTER   BROOKLYN, N.Y. 11201-3857

# BUREAU OF LEGAL AFFAIRS

September 21, 2009

Manuel Perez
DIN: 05A1946
Green Haven Correctional Facility
Box 4000
Stormville, NY 12582

      Re:   Your Letter Dated: August 14, 2009
             Our File No.: RRF-09-00168

Dear Mr. Perez:

      This is in response to your letter dated August 4, 2009 (copy enclosed), in which you requested the identification of the Emergency Medical Technicians (EMTs) who responded to an incident on 111th Street and Roosevelt Avenue, Queens, New York on January 29, 2002.

      According to Fire Department records the individual who holds badge number 5948 is EMT Robert Manzi and the individual who held badge number 1168 is now EMS Lieutenant Melba Luce (Badge Number 0283). EMT Robert Manzi is no longer an active employee of the NYC Fire Department. EMS Lieutenant Melba Luce is on leave of absence.

      You may serve subpoenas requesting the last known addresses of EMT Manzi and EMS Lieutenant Luce at Fire Department Headquarters, 9 MetroTech Center, Brooklyn, NY 11201 with the appropriate fees.

      Please be advised, the patient was transported to Elmhurst Hospital Center, 79-01 Broadway, Elmhurst, NY 11373.

5

# FDNY AMBULANCE CALL REPORT 49 NO. 3414401 4

| Date MMDDYYYY | Unit | Unit Type Check ALS BLS | Shield Driver | Shield Tech | CAD No. | Responded From |
|---|---|---|---|---|---|---|
| 11 29 00 02 46 C 17 | | | 168 5948 | 5948 | 09 4 4 | 103 ST/35 AVE |

| Call Location | Boro | Apt | PD Badge Number | Precinct | Call Type |
|---|---|---|---|---|---|
| 111 ST Roosevelt | QN STREET | | 5762 | 115 | Unknown cond |

**Patient's Last Name:** UNKNOWN MALE   **First Name:** UTO

**Sex:** ☒M ☐F   **Age:** UTO   **DOB MMDDYYYY:** UTO

**Home Address:** UTO   **Apt:** UTO   **Social Security Number:** U UTO

| REC'D | 0 5 3 1 |
|---|---|
| 10-63 | 0 5 3 2 |
| 10-84 | 0 5 3 4 |
| 10-82 | 0 5 4 6 |
| 10-91 | 0 5 3 0 |
| AVAIL | 0 6 3 4 |

**City:** UTO   **State:** UTO   **Zip Code:** UTO   **Next of Kin:** UTO   **Telephone:** UTO

**Prior Treatment at Scene:** None   **By Whom:** O

**Prior:** ☐Defibrillation(s), No.: ___ ☐CPR, Mins.: ___   **By:** ☐PD ☐FD ☐Other: ___

**CHIEF COMPLAINT:** Pt did not speak / Pt was maced by PD

**MILEAGE:** 01

## PRESENTING PROBLEM

**MEDICAL** *If more than one is checked, circle the primary problem*

☐Airway Obstruction ☐CVA / TIA ☐Hemorrhage ☒Respiratory Distress ☐Overdose
☐Abdominal Pain ☐Dehydration ☐Nausea / Vomiting ☐Respiratory Failure   **Substance** ___
☐Allergic Reaction ☐Dizziness ☐Newborn ☐Respiratory Arrest
☒Altered Mental Status ☐Environmental ☐Obvious Death ☐Seizure.   **Poison:** ___
☒Behavioral ☐Haz-Mat ☐Cold ☐Heat ☐Ob / Gyn: ☐Infant ☐Shock
☐Cardiac Arrest ☐General Malaise ☐Delivery ___ ☐Syncope   **Substance** ___
☐Chest Pain ☐G.I. Distress / Bleed ☐Psychotic / Suicidal ☐Unconscious ☒Other: Mace

**INDICATE ALL THAT APPLY FOR MEDICAL or TRAUMA**
Onset: ___
Pain: ___
Quality: ___
Radiation: ___
Severity: ☐Mild ☐Mod. ☐Severe
Duration: ___

**TRAUMA** Location: ___

☐Amputation ☐Burn: ☐Thermal ☐Chemical ☐Electrical ☐Cardiac Arrest ☐C.N.S. ☐Crush ☐FX/Dislocation   ☐Anterior ☐Posterior   Type: ___
☐Head Trauma ☐Hemorrhage ☐Impaled Object ☐Paralysis ☐Shock ☐Soft Tissue ☐Other: ___

**MECHANISM OF INJURY**

☐Assault ☐Child Abuse ☐Cold ☐Domestic Violence ☐Elder Abuse ☐Fall ☐G.S.W. ☐Hazardous Materials
☐Heat ☐Machinery ☐MVA: Seatbelts ☐Yes ☐No ☐Pedestrian Struck ☐Stab ☐Other: ___

## ASSESSMENT

**HISTORY** ☐Denies ☐Unknown UTO

☐Amputee ☐Asthma ☐Bed Confined ☐Cancer ☐Cardiac ☐CHF ☐COPD ☐CVA / TIA ☐Diabetes ☐Dialysis
☐Frail/Debilitated ☐HIV/AIDS ☐Hypertension ☐Incontinent ☐IVDA ☐Seizures ☐TB ☐Wheelchair Confined ☐Other: ___

**MEDICATIONS** ☐Denies ☒Unknown ☐Compliant   Possible provental pump

**ALLERGIES** ☐Denies ☒Unknown

| TIME | B.P. | PULSE | RESP | GCS | TRAUMA=C | SKIN | SKIN TEMP. | SKIN COLOR | PUPILS | MENTAL STATUS |
|---|---|---|---|---|---|---|---|---|---|---|
| 05:38 | UTO | 108 | 28 | UTO | | Normal ☒1 ☐2 / ☐Moist / ☐Dry | Normal ☒1 ☐2 / Warm ☐☐ / Cool ☐☐ | Normal ☒☐ / Pale ☐☐ / Cyanotic ☐☐ / Flushed ☐☐ / Jaundice ☐☐ | Normal ☒1 ☐2 / Dilated ☐☐ / R Larger ☐☐ / L Larger ☐☐ / Constricted ☐☐ / Unreactive ☐☐ | Alert ☒1 ☐2 / Verbal ☐☐ / Painful Stimuli ☐☐ / Unresponsive ☐☐ |
| 05:47 | UTO | 106 | 26 | UTO | | | | | | |

## TREATMENT

**AIRWAY**
☐Abdominal/Chest Thrust
☐Modified Jaw Thrust
☐Hyperextension
☐Oral / Nasal
☐Suction
☐OeLee

**OXYGEN THERAPY**
☐Bag Valve Mask w/ O₂
☐Mouth to Mask
☐Cannula
☒Non-Rebreather

**L.P.M.:** 15

**IMMOBILIZATION**
☐Backboard: ☐Long ☐Short
☐KED ☐Cervical Collar
☐Splint: ☐Fixation ☐Traction
☐Head Immobilizer
☐Other:

☐Activated Charcoal
☐Control Bleeding ☐MAST
☐CPR ☐SAED
☐Heat/Cold Application
☐Ipecac ___ cc P.O.
☐Insta-Glucose ☐Irrigation
☐Nebulizer
☐Other:

**BLS and ALS INTERVENTIONS**
☐I.V. ☐I.O. ☐Saline Lock
☐Monitor ☐Defibrillate ☐12 Lead
☐Cardiovert ☐Pacing ☐Draw Blood
☐ET Tube ☐NG Tube ☐Drug Therapy
☐Epi-Peri ☐Needle Cricothyroidotomy
☐Chest Decompression

**Presumptive Diagnosis:** Respitory distress 2° chemical irritation

**ALS Provided By:** ☐FD ☐Vol. ☐Other

**Patient Condition:** ☐Critical ☐Unstable ☐Potentially Unstable ☒Stable
☐DOA ☐Rigor mortis ☐Extreme Dependant Lividity ☐Obvious Death ☐Decomposition ☐DNR

## COMMENTS

**TIME   EKG RHYTHM / MEDICATION(S)   TREATMENT/RESPONSE**

Pt Unknown white male found in police custody. Pt was sprayed with mace by PD after, after kicking out window of police car. Pt was placed in restraint bag by PD. Pt is verbal also very combative. PD advised EMS that pt had provental pump on him. Pt placed on O₂ via NRB @ 15 LPM and ALS requested. Pt PERRL L/S clear equal bilat ALOC Ø signs of trauma. Ø Perfusion (color/sensory) & 4 extremities. Ø abdominal distention & 4 quads Unable to obtain info on pt. For further info see 49×1 ACR #0658688 Pt transported in 46D1 with 49×1

**On-Line Medical Control Channel:** ___ **On-Line Medical Control Physician** ___ **Number** ___ **Termination Time** ___ **Controlled Substance** ___ **Amount Administered** ___ ☐Continued

**C.S. Administered By Name/Shield** ___ **Signature** ___ **URN** ___ **Amount Wasted** ___ **Witness Name/Title/Signature** ___

**Removed to Vehicle By**
☐Chair
☐Walked
☐Carried
☒Scoop / Flat ☐Stretcher

**No. Patients Transported:** 01

**Transport Position**
☐Supine ☐Sitting
☐Prone ☐Restrained
☐Shock ☒Semi/Full Fowlers
☐Left Lateral Recumbent

**Hospital No.:** 32   **Disposition Hosp. Name:** EGH
**Treated by:** 49×1   **Transported by:** 46D1
10- ☐282A ☐82B ☐82M ☐83 ☐93 ☐94
☐94A ☐Other: ___ Unit 49×1

**Hospital Selection**
☒Nearest
☐Patient / Family Choice
☐Specialty Referral
☐Physician ☐Diversion

**E.D. Chart No.** ___

**Insurance ID Number:** UTO

☐Medicare ☐Medicaid ☐Blue Cross ☐Commercial Insurance ☒Self Pay

**Work Related** ☐Yes ☒No

**Hospital Receiving Agent - Signature** ___ **Hospital Name** EGH **Time** 06:27 **FDNY Supervisor - Signature** ___ **Shield** ___ **Date** ___

EMSC 102.15.21 (04/01)   AMBULANCE COPY (To be turned in to ambulance supervisor)

**FIRE DEPARTMENT CITY OF NEW YORK**

I hereby certify pursuant to CPLR 2306 and 2307 that this document is a accurate copy of a Fire Department record kept in the regular course of the Department business.

Date 02/22/13

5

Very truly yours,

Maura J. Kugelman
Records Access Officer

5

```
        01
 11   D41A    0518  0ESB10 10-91    0721 @*
 25   E11A    0518  @*A8659-020290433 8659
 05   E11A    0518  @*20 ETA 0522
 05   D42A    0518  @AF*
 0B   D42A    0518  @*
 14   D34A    0521  115LT1 @*
 14   D34A    0522  115ST1 @*
 05   E11A    0523  @*25 46C1 BLSN
 12   D41A    0525  0ESB10 10-84    0525 @*
 05   D41A    0527  @*MALE BREAK OUT RMP WINDOW----NO FURTHER NEEDED 1
      399-CW
 05   D34A    0530  @AF*2ND REQST FOR EMS----111 & ROOSEVELT----D 232
      2 HOT
 05   E11A    0531  @*21
 05   E11A    0531  @*24 90
 05   E11A    0533  @D*17 EMS ENROUTE TO 111 ROOSEVELY ... PLZ ADV CO
      NDITION
 05   D41A    0533  @*EMS 699 NTF 1399-CW
 0B   D34A    0534  @*
 14   D34A    0534  115SP4 @*
 05   D43A    0534  @D*AUTH OF EMS LT1 VIA LL--EMS ENROUTE--CW1630
 0B   D34A    0534  @*
 14   D34A    0536  115A @*
 14   D34A    0538  115SP88 @*
 12   D41A    0546  0ESB10 10-87    0546 @*
 14   D34A    0547  115H @*
 14   D34A    0548  115F @*
 12   D34A    0549  115H 10-87    0549 @*EGH--
 13   D34A    0549  115F 10-98 .  0549 @*
 13   D34A    0550  115ST1 10-98    0550 @*

 14   D34A    0552  115LT1 @*
 13   D34A    0558  115A 10-98    0558 @*
 05   B05A    0608  @N*OU LOWNEY NTFD----SPCT SIMMONS
 0B   B13A    0624  @*
 14   D34A    0643  115SP88 @*
 14   D34A    0651  115H @*
 0B   B04A    0651  @*
 14   D34A    0705  115LT1 @*
-1H-  14  D34A    0710 115SP4 @*
 14   D34A    0714  115SP88 @*
 13   D34A    0721  115SP4 10-92C    0721 @*
 13   D41A    0721  0ESB10 10-91    0721 @*97H
```

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT:   HON. JOAN B. LOBIS                    PART 6
           *Justice*

| | |
|---|---|
| MANUEL PEREZ, | INDEX NO. 100022/2015 |
| Petitioner, | MOTION DATE 5/27/15 |
| - v - | MOTION SEQ. NO. 001 |
| RICHARD MANTELLINO, et al., | |
| Respondents. | |

The following papers were read on this Article 75 petition.

| | PAPERS NUMBERED |
|---|---|
| Notice of Petition/ Order to Show Cause – Affidavits – Exhibits _____ | 1, 2 (x-mot) |
| Answering Affidavits – Exhibits _____ | 3 |
| Replying Affidavits _____ | 4 |

In this Article 78 proceeding, petitioner Manuel Perez seeks an order directing respondents Richard Mantellino, Lieutenant Record Access Officer, Jonathan David, Record Access Appeal Officer; New York City Police Department, and Queens County District Attorney (collectively "NYPD") to disclose documents under the Freedom of Information Law Public Officers Law Section 84 et seq. The NYPD cross-moves to dismiss claiming that the petition is untimely and that the documents are not in its possession. Petitioner argues that he sent his order to show cause to the Court in a timely manner but that the Court did not sign the order until after the 4 month statute of limitations.

The NYPD has certified that it does not possess the documents in question. It is well-settled that "[w]hen an agency is unable to locate documents properly requested under FOIL, Public Officers Law § 89(3) requires the agency to 'certify that it does not have possession of [a requested] record or that such record cannot be found after diligent search.'" Rattley v. N.Y. City Police Dep't, 96 N.Y.2d 873, 875 (2001). Lori Hernandez, the attorney for the NYPD in this matter, affirms that the records are not in the possession of the NYPD. This satisfies the requirements of the Public Officers Law. Due to this, the Court does not reach any other issues. Accordingly, it is ordered that the cross-motion is granted and the petition is dismissed.

Dated: *June 29* , 2015

_____
JOAN B. LOBIS, *J.S.C.*

1. CHECK ONE: .............................................     ☑ CASE DISPOSED     ☐ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE:....MOTION IS     ☐ GRANTED   ☐ DENIED ☐ GRANTED IN PART   ☐ OTHER
3. CHECK IF APPROPRIATE: .............................     ☐ SETTLE ORDER   ☐ SUBMIT ORDER   ☐ DO NOT POST
                                                           ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE



POLICE DEPARTMENT
LEGAL BUREAU
F.O.I.L. UNIT, ROOM 110C
ONE POLICE PLAZA
NEW YORK, NY 10038

August 14, 2012

Manuel Perez 05A1946
Green Haven Cor, NY 12582

File # 12PL101336
Your File #

Dear Sir or Madam:

This is in response to your letter dated, 2/20/12 in which you request access to certain records under the New York State Freedom of Information Law ("FOIL").

☒ FOIL was unable to locate an arrest of Perez, Manuel on 1/29/02 by the 115 Pct. You may want to contact NY State Division of Criminal Justice Albany NY 12203 and obtain your Criminal History for more accurate information.

☒ In total,  0. page(s) have been copied. Please remit payment of $
  ☐ Documents are enclosed.

  ☐ Upon receipt of payment, documents will be mailed.

PAYMENT PROCEDURE
Send check or money order Payable to the "N.Y.C.P.D" (NO CASH).

Mail payment to:
New York City Police Department, One Police Plaza –Room 110C, NYC 10038
Note: Please include the FOIL number on the check or money order

APPEAL PROCEDURE
You may appeal this decision or any portion thereof in writing, within thirty (30) days of the date of this letter, and forward it to:
Jonathan David
Records Access Appeals Officer, N.Y.C.P.D, One Police Plaza-Room 1406, NYC 10038-1497

Sincerely,

Richard Mantellino
Lieutenant
Records Access Officer

COURTESY • PROFESSIONALISM • RESPECT

( EXhibiT D )

Manuel Perez, #05A1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-4000

March 9, 2015

TO: NEW YORK CITY POLICE DEPARTMENT
LEGAL BUREAU; F.I.O.L. UNIT ROOM 110-C
One POLICE PLAZA
New York, NY 10038

Re: F.I.O.L. REQUEST ( NYSID # 05208038) (Manuel Perez, AKA
Miguel Perez, D.O.B. 11/23/65)

Dear Sir:

Under the above mentioned law, (FOIL), I am requesting a
copy of the following document[s]:

A) A copy of the Miranda Card & or interview
while I was being Detained at the: 115 Precinct
by Officer[s]: Kerri Hoovert, and Christopher
Camacho, on 1/29/02 at Approx. 4:30 A.M.,.

I thank you very much, for your time and attention to this
letter of FOIL request.

Yours truely,

Manuel Perez, #05A1946

cc.: Robert J. Freedom, Director
Committee on Open Government
One Commerece Plaza
99 Washington Plaza(Avenue)
Albany, NY 12231



POLICE DEPARTMENT
LEGAL BUREAU
F.O.I.L Unit, Room 110C
One Police Plaza
New York, NY 10038

04/06/15

Green Haven Correctional Facility
Mr. Manuel Perez 05A1946          FOIL Req #: 2015-PL-2622
P.O. Box 4000                     Your File #:
Stormville, New York 12582

Dear Sir or Madam:

   This is in response to your letter dated 03/09/15, which was received by this office on 03/17/15, in which you requested access to certain records under the New York State Freedom of Information Law (FOIL).

   In regard to the document(s) which you requested, this unit is unable to locate records responsive to your request based on the information you provided.

   You may appeal this decision or any portion thereof. Such an appeal must be made in writing within thirty (30) days of the date of this letter and must be forwarded to: Jonathan David, Records Access Appeals Officer, New York City Police Department, One Police Plaza, Room 1406, New York, NY 10038. Please include copies of the FOIL request and this letter with your appeal.

                                   Very truly yours,

                                   Richard Mantellino
                                   Lieutenant
                                   Records Access Officer

COURTESY • PROFESSIONALISM • RESPECT

Request : ∠BF# 15PL 2622

I Missing The Appeal Letter of
April 20, 2015.   Sorry Thank You.

Perez, M.



**POLICE DEPARTMENT**
Office of Deputy Commissioner,
Legal Matters
One Police Plaza, Room 1406A
New York, New York 10038

July 16, 2015

Manuel Perez, 05A1946
Green Haven Correctional Facility
PO Box 4000
Stormville, New York 12582

RE:   FREEDOM OF INFORMATION LAW
REQUEST: LBF # 15PL2622

Dear Mr. Perez:

    This letter is in response to your letter dated April 20, 2015, appealing the determination of the Records Access Officer (RAO), dated April 6, 2015, of the request pursuant to the Freedom of Information Law, by your letter dated March 9, 2015.

    The appeal is denied because your request is duplicative of your prior request under file number 12PL1336, and 06PL3216.  The records referenced individually in your current request are a subset of your prior request, making such request duplicative.

    Other exemptions under FOIL also may apply.

    You may seek judicial review of this determination by commencing an Article 78 proceeding within four months of the date of this decision.

Sincerely,

Jonathan David
Records Access Appeals Officer

c:  Committee on Open Government

Manuel Perez, 05A1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-4000

August 3, 2015

Mr. Jonathan David
Record Access Appeal Officer
New York City Police Department
One Police Plaza, Room 1406
New York, New York 10038

Re:     Clarification *FOIL Request – Appeal No 15PL2622*

Dear Mr. David:

    I am in receipt of your letter dated July 16, 2015, in which you stated the following: "The appeal is denied because your request is duplicative of your prior request under file numbers 12PL1336 and 06PL3216." (See, **Exhibit – A**). Once again, I respectfully disagree with your statement for the following reasons:

    *First*, the file numbers 06PL3216 & 12PL1336  are not related in whole or in part to the **FOIL No. 15PL2622**. In fact, file Number 06PL3216 was a FOIL request for a police arrest of January 30, 2002, and file Number 12PL1336 was a FOIL request for "arrest report and ballistic reports. (See, **Exhibit – B** and **B1**). Thus, either file number 06PL3216 or 12PL1336 have nothing to do with a FOIL request asking for the Miranda Rights card.

    *Second*, The current **FOIL 15PL2622** is for the Miranda Rights card or interview conducted on January 29, 2002, which I originally requested on March 9, 2015. On March 23, 2015, I was informed that my request was still pending. On April 6, 2015, the request was denied. On April 20, 2015, I submitted my appeal. (See **Exhibit – C**).

    Therefore, your denial to my FOIL request is not in accordance to provisions of law under POL and I respectfully request to review this matter accordingly and reinstate my appeal as soon as possible.

    Thank you for your time and cooperation in this matter.

                                        Sincerely,

                                        Manuel Perez

cc: file

ExhibiT "A"



**POLICE DEPARTMENT**
**LEGAL BUREAU**
F.O.I.L. UNIT, ROOM 110C
ONE POLICE PLAZA
NEW YORK, NY 10038

August 14, 2012

Manuel Perez 05A1946
Green Haven Cor, NY 12582

File # 12PL101336
Your File #

Dear Sir or Madam:

This is in response to your letter dated, 2/20/12 in which you request access to certain records under the New York State Freedom of Information Law ("FOIL").

☒ FOIL was unable to locate an arrest of Perez, Manuel on 1/29/02 by the 115 Pct. You may want to contact NY State Division of Criminal Justice Albany NY 12203 and obtain your Criminal History for more accurate information.

☒ In total,   0  page(s) have been copied. Please remit payment of $
☐ Documents are enclosed.

☐ Upon receipt of payment, documents will be mailed.

**PAYMENT PROCEDURE**
Send check or money order Payable to the "N.Y.C.P.D" (NO CASH)

Mail payment to:
New York City Police Department, One Police Plaza –Room 110C, NYC 10038
Note: Please include the FOIL number on the check or money order

**APPEAL PROCEDURE**
You may appeal this decision or any portion thereof in <u>writing</u>, within thirty (30) days of the date of this letter, and forward it to:

Jonathan David
Records Access Appeals Officer, N.Y.C.P.D, One Police Plaza-Room 1406, NYC 10038-1497

Sincerely,

Richard Mantellino
Lieutenant
Records Access Officer

COURTESY • PROFESSIONALISM • RESPECT

EXHiBiT "B"

B-1



POLICE DEPARTMENT

Office of Deputy Commissioner,
Legal Matters
One Police Plaza, Room 1406
New York, New York 10038

May 4, 2007

Manuel Perez, 05A1946
Southport Correctional Facility
PO Box 2000
Pine City, New York 14871

RE:   FREEDOM OF INFORMATION LAW
REQUEST: LBF # 06LPL103216

Dear Mr. Perez,

This is in response your letter dated April 9, 2007, appealing the determination of the Records Access Officer, dated March 29, 2007, regarding records requested from the New York City Police Department pursuant to the Freedom of Information Law.

The appeal is denied because the records you requested are exempt from disclosure on the basis of Public Officers Law Section 87(2)(e)(i), in that such records, if disclosed, would interfere with judicial proceedings, such as a criminal trial or appeal.

In addition, no record of an arrest on January 30, 2002 was located, despite a diligent search.

Other exemptions under FOIL may also apply.

You may seek judicial review of this determination by commencing an Article 78 proceeding within four months of the date of this decision.

Sincerely,

Jonathan David
Records Access Appeals Officer

c:  Committee on Open Government



**POLICE DEPARTMENT**
**Office of Deputy Commissioner,**
**Legal Matters**
**One Police Plaza, Room 1406A**
**New York, New York 10038**

September 22, 2015

Manuel Perez, 05A1946
Green Haven Correctional Facility
PO Box 4000
Stormville, New York 12582

RE:    **FREEDOM OF INFORMATION LAW**
               **REQUEST: LBF # 15PL2622**

Dear Mr. Perez:

    This letter is in response to your letter dated August 3, 2015, requesting reconsideration of the July 16, 2015 determination of your April 20, 2015 Freedom on Information Law (FOIL) appeal of the Records Access Officer (RAO), dated April 6, 2015, of the request pursuant to the Freedom of Information Law, by your letter dated March 9, 2015.

    To the extent that your August 3, 2015 letter may have been intended as a further administrative appeal concerning the above-referenced FOIL request, please be advised that the Freedom of Information Law does not require reconsideration of an appeal. The July 16, 2015 determination by the undersigned was the final determination of your appeal. The Freedom of Information Law provides for only one administrative appeal of the denial of a FOIL request. You submitted your appeal, and an appeal determination was issued on July 16, 2015. The July 16, 2015 appeal determination was the final determination of your appeal concerning this FOIL request.

    Other exemptions under FOIL also may apply.

    You may seek judicial review of this determination by commencing an Article 78 proceeding within four months of the date of this decision.

Sincerely,

Jonathan David
Records Access Appeals Officer

c: Committee on Open Government

EXhibiT E.

Queens Central Booking/Processing
Queens County Court
F.O.I.L. Officer Unit
125-01 Queens Blvd.
Queens, N.Y. 11415

Mr. Manuel Perez, #05-A-1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, N.Y. 12582

July, 2, 2009

Re: People v. Perez,
Ind. No. #342/02
Queens County
F.O.I.L. Request

Dock. #02QN003984
Dock. #02QN004057

Dear Sir/ Madam:

    I am writing to this Office of the Queens County Central Booking pursuant to the Freedom of Information Law, Public Officers Law § 84 (2), and any other sections governing this request that this office provide me with the following materials, documents and records, to wit:

    a). Any and All records dated January 29, 2002 from this department.

    b). The LOG BOOK ENTRY of 1/29/02, in the p.m.,

    c). The log book of when I was removed from this Booking Area to be taken to the Hospital for an asthma attack.

    d). The log book of the arresting officer who brought me to the holding and process area for booking/process of 1/29/02.

    Pursuant to Public Officers Law, §84 seq. this request and all relating matters, shall be answered and provided within the 10 business days upon notice of said request.

    Thank you for your time, attention and consideration in this matter, and I look forward to hearing from you very soon. I remain

MP/files

Very truly yours,

M. Perez

Mr. Manuel Perez, #05A1940
Green Haven Corr Fac
P.O. Box 4000
Stormville, New York 12582

Queens Central Booking/Processing
Queens County Criminal Court            July 6, 2009
F.O.I.L. Officer Unit
125-01 Queens Blvd.                      Dock. #02QN003984
Kew Gardens, N.Y. 11415                  Dock. #02QN004057

                    Re: People v. Perez,
                        Ind. No. 342/02
                        Queens County
                        F.O.I.L. Request

Dear Sir/Madam:


    I am writing to this Office of the Queens County Central
Booking pursuant to the Freedom of Information Law, Public
Officers Law § 84 (2), and any other sections governing this
request that this office provide me with the following materials,
documents and records, to wit:

        a). Any and all records dated January 29, 2002 from this
department.
        b). The LOG BOOK ENTRY of 1/29/02, in the PM.
        c). The log book of when I was removed from this Booking
to be taken to the Hospital for an asthma attack.
        d). The log book of the arresting officer who brought me to
the holding and process area for booking/process of 1/29/02. AM.

    Pursuant to Public Officers Law, §84 seq. This request and
all relating matters, shall be answered and provided within the
10 business days upon notice of said request.

    Thank you for your time, attention and consideration in this
matter, and I look forward to hearing from you very soon. I remain

MP/files

                        Very Truly Yours,

                        Manuel Perez

( EXhibiT F. )

**MEDICAL TREATMENT OF PRISONER**
PD 244-150 (Rev. 12-99)-Pent-RMU

Date: 01/29/02

**SECTION I - TO BE COMPLETED BY N.Y.P.D.**

Prisoner's Name (Last, First, M.I.) (Print): Perez, Miguel
Age: 27   Sex: male

Address: 34-35 112 st   Street: Corona NY 11363   Zip Code:   Apt. 1   Telephone No. NONE

Arresting Officer: Rank (Print) PO   Name (Last, First, M.I.) Hoovert, Kerri   Signature:   Shield No. 1999   Tax Reg. No. 923962   Command 1165

Arrest No. 4195Q   Cmd. Of Arrest 115   Charge 160.15

Escort Officer: Rank (Print) PO   Name (Last, First, M.I.) Fong   Signature:   Shield No. 31978   Tax Reg. No. 923198   Command 115

Prisoner Requests/Requires Medical Aid: ☒ Yes ☐ No   Prisoner Refused Medical Aid: ☐ Yes ☐ No   Date 01/29/02   Time 1910   Prisoner's Signature: Miguel Perez

Transported To Hospital (Name): Booth   Date 1/29/02   Time 640   Via Patrol ☐   Wagon # 2T^nd   RMP # 2157   ACR #   PCR #   Operator Rank (Print) Name (Last, First, M.I.)

Returned From Hospital: Date   Time   Attempted Suicide ☐ Yes ☒ No   Nature Of Illness/Injury: Asthma   If injury ☐ Old ☐ New

Restraining Devices Used ☒ Yes Type Handcuffs   ☐ No   E.S.U. Responded ☐ Yes ☒ No   If Yes, Respondent's Rank (Print) Name (Last, First, M.I.)

Prescription Medication ☐ Yes   Possessed At Arrest ☐ No   Prescription Number And Name Of Physician   Pharmacy / Phone No.   Property Clerk Invoice No./Cmd.

Remarks:
At T/P/O, defendant, when seeing EMT at CBO was asked how he felt, responded that he had tightness of the chest. Instructed by Sgt Reabugi to take defendant to hospital on Parsons, Queens General Hospital

At to take proventil spray II puff g 3-4hours

Prisoner Refused Medical Aid In The Field ☐ Yes ☐ No   Prisoner Refused Medical Aid At The Command ☐ Yes ☐ No   Prisoner Refused Medical Aid Within The Court Section ☐ Yes ☐ No   Recommend Prisoner Be Separated From General Population ☐ Yes ☐ No

M.S. Field Personnel: Print Name (Last, First, M.I.)   Shield #   Date   Time   Refer To Hospital Emergency Room ☐ Yes ☐ No

E.M.S. Court Section: Print Name (Last, First, M.I.)   Shield #   Date   Time   Refer To Hospital Emergency Room ☐ Yes ☐ No

NYPD Supervisor/ Desk Officer: Rank (Print) Name (Last, First, M.I.)   Signature   Cmd. Of Arrest/Court Section   Date   Time

**SECTION II - TO BE COMPLETED BY HOSPITAL MEDICAL STAFF**

Admitted To Hospital ☐ Yes ☒ No   Suicide Watch Recommended By Hospital Staff ☐ Yes ☒ No   Transfer to Psychiatric Hospital Recommended By Hospital Medical Staff ☐ Yes ☐ No   Medication Prescribed ☒ Yes ☐ No   Medication To Be Taken As Prescribed ☐ Yes ☐ No

Medication To Travel With Prisoner ☐ Yes ☐ No   Refer To Psychiatric Hospital ☐ Yes ☐ No

Print Name (Last, First M.I.) Leslie Julie   Signature   Title

NYPD Court Section Supervisor: Rank (Print) Name (Last, First, M.I.)   Signature   Court Section   Date   Time

Received By Department Of Correction: Rank (Print) Name (Last, First, M.I.)   Signature   Shield / T.R.#   Date   Time

DISTRIBUTION: 1. WHITE, 2. BLUE, 3. PINK – DEPT. OF CORRECTION. 4. BUFF – CMD. OF ARREST, 5. GREEN – ARRAIGNING JUDGE. (Receipt will be obtained by Escorting Officer on PINK COPY and returned to COURT SECTION facility. Upon receipt of PINK CO... r will remove BUFF COPY from FILE and forward it to COMMAND OF ARREST FOR FILE.)

NOTE: A PHOTO COPY OF THIS FORM MAY BE PROVIDED UPON REQUEST TO HEALTH AND HOSPITALS CORF...

EXHIBIT A

ARREST Report - Q02004195                                    Page 1 of 2



# New York City Police Department
## Omniform System - Arrests

| RECORD STATUS: NYSID/ARRAIG | Arrest ID: Q02004195 - Q |
|---|---|
| **Arrest Location: 103 AND 39 AVENUE** | Pct: 115 |

**Arrest Date: 01-29-2002**     Processing Type: **ON LINE**

**Time: 05:04:00**     DCJS Fax Number: QO003833

Sector: I     Special Event Code: -

Strip Search Conducted:     DAT Number: 0

Viper Initiated Arrest:

Stop And Frisk:     Return Date: 0000-00-00

Serial #: 0000-000-00000

## ARREST DATA - COMPLAINT NOT REQUIRED

Jurisdiction: NYPD     *NYC School Safety Data:*  *NYC Transit Data:*

Premises:     On School Property:     Station:

Location Within:     School Type:     Line #:

Occur.Date/Time: **2002-01-29 - 04:14:00**     School Num:     Location:

*NYC Housing Development:*     School Name:

Offense Location: 103 ST -39 AVE   Borough:

| CHARGES: | | | | | Arrest #: Q02004195 |
|---|---|---|---|---|---|

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 1601501 F | B | | 1 | ROBBERY-1ST:CAUSE SERIOUS INJ |
| #02 | No | PL 2650300 F | C | | 1 | CRIM POSS WEAPON- 2ND DEGREE |
| #03 | No | PL 1450500 F | E | | 1 | CRIMINAL MISCHIEF-3RD |
| #04 | No | PL 1654501 F | E | | 1 | CPSP-4TH:PROPERTY VAL >$1000 |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

| DETAILS: | Arrest #: Q02004195 |
|---|---|

AT T/P/O COMP STATES THAT ABOVE DEF BRANISHED A HANDGUN AND ASKED FOR HIS M ONEYAND FORCIBLY REMOVED PROPERTY.DEF VERB MENACED COMP.

| DEFENDANT: PEREZ, MIGUEL | NYSID #: 05720803R | Arrest #: Q02004195 |
|---|---|---|

Nick/AKA/Maiden:     Height: **5FT 05IN**     Order Of Protection:

Sex: **MALE**     Weight: **150**     Issuing Court:

Race: **WHITE HISPANIC**     Eye Color: **BROWN**     Docket #: 02Q0004057

Age: **27**     Hair Color: **BLACK**     Expiration Date:

Date Of Birth: **1975-01-01**     Hair Length: **SHORT**     Relation to Victim: **NONE**

U.S. Citizen: **YES**     Hair Style: **STRAIGHT**     Living together: **NO**

Place Of Birth: **NEW YORK**     Skin Tone: **MEDIUM**     Can be Identified:

Is this person not Proficient in English?:     Complexion: **CLEAR**

If Yes, Indicate Language:

Accent:     Soc.Security #:

Occupation: **UNKNOWN**

Gang/Crew Affiliation:

Identification ID:     Name:

Identification #:     Identifiers:

Physical Condition: **UNKNOWN**     Lic/Permit Type:

Drug Used: **NONE**     Lic/Permit No:

Case 1:16-cv-06401-AMD-RML   Document 1   Filed 11/09/16   Page 47 of 111 PageID #: 47

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 34-38 112 STREET | NY | NEW YORK | | | 115 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident:   N.Y.C. Housing Employee:   On Duty: YES
         Development:      N.Y.C. Transit Employee:

**Physical Force:**

| | | | | |
|---|---|---|---|---|
| Gun: | **HANDGUN** | | | |
| Weapon Used/Possessed: **NONE** | | Make: | Recovered: | |
| **Non-Firearm Weapon:** | | Color: | Serial Number Defaced: | |
| **Other Weapon Description:** | | Caliber: | Serial Number: | |
| | | Type: | | |
| | | Discharged: NO | | |

Used Transit System: NO
Station Entered:
Time Entered:
Metro Card Type:
Metro Card Used/Poses:
Card #:

CRIME DATA DETAILS

| JUVENILE DATA: | | Arrest #: Q02004195 |
|---|---|---|

Juvenile Offender:   Relative Notified:   Personal Recog:  0
Number Of  Priors: 0          Name:
School Attending:      Phone Called:
Mother's Maiden Name:     Time Notified:

| ASSOCIATED ARRESTS: | Arrest #: Q02004195 |
|---|---|

ARREST ID COMPLAINT #

| DEFENDANTS CALLS: | Arrest #: Q02004195 |
|---|---|

CALL # NUMBER DIALED NAME CALLED

| INVOICES: | Arrest #: Q02004195 |
|---|---|

INVOICE# COMMAND PROPERTY TYPE VALUE

| ARRESTING OFFICER: POF KERRI A HOOVERT | Arrest #: Q02004195 |
|---|---|

| | | |
|---|---|---|
| Tax Number: ███████ | On Duty: YES | **Force Used:** NO |
| Other ID (non-NYPD): ███████ | In Uniform: YES | Type: |
| Shield: ███████ | Squad: 01 | Reason: |
| Department: NYPD | Chart: 01 | Officer Injured: NO |
| Command: 115 | Primary Assignment: | |

| Arresting Officer Name: POF HOOVERT, KERRI A | Tax #: ███████ | Command: 115 | Agency: NYPD |
|---|---|---|---|
| Supervisor Approving: | Tax #: 000000 | Command: | Agency: NYPD |
| Report Entered by: | Tax #: 000000 | Command: | Agency: NYPD |

| END OF ARREST REPORT Q02004195 |
|---|

Print this Report

3/6/2014

( EXhibiT G. )

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS  CRIMINAL TERM  PART  TAP A
———————————————————————————————— X
THE PEOPLE OF THE STATE OF NEW YORK

-against-                                          IND #: 342/2002

MANUEL PEREZ,

                                    Defendant

———————————————————————————————— X

## NOTICE OF INTENTION TO OFFER AT TRIAL TESTIMONY OF A WITNESS WHO HAS PREVIOUSLY IDENTIFIED THE DEFENDANT AS THE PERSON WHO WAS OBSERVED AT THE TIME AND PLACE WHEN OFFENSE(S) CHARGED WERE COMMITTED OR UPON SOME OTHER RELEVANT OCCASION, PURSUANT TO CPL § 710.30 (1) (b)

PLEASE TAKE NOTICE, that the People intend to offer at trial testimony of a witness, JOHN GUTIERRES, who identified the defendant in a Point-out, on January 29, 2002, at approximately 5:03 a.m., at in front of 39-16 111 Street.

PLEASE TAKE NOTICE, that the People intend to offer at trial testimony of a witness, FRANCES BAEZ, who identified the defendant in a Line-up, on January 30, 2002, at approximately 12:28 a.m., at 115 Squad.

PLEASE TAKE NOTICE, that the People intend to offer at trial testimony of a witness, JOSE BAEZ, who identified the defendant in a Line-up, on January 30, 2002, at approximately 12:33 a.m., at 115 Squad

PLEASE TAKE NOTICE, that the People intend to offer at trial testimony of a witness, FRANCISCO REYNOSO, who identified the defendant in a Line-up, on January 30, 2002, at approximately 12:25 a.m., at 115 Squad.

(Exhibit H)

Manuel Perez, #05A1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

February 17 , 2015

TO: Lt. Richard Mantellino
    Records Access Officer
    (NYPD) Legal Bureau
    F.O.I.L. Unit Room 110-C
    One Police Plaza
    New York, NY 10038

Re: F.O.I.L. material (People v. Manuel Perez, Queens County)
    -Indictment #342/2002, [2002QN003984 & 2002QNo04057] NYSID#
    0520803R.

    Dear Lt. Mantellino:

    Greetings, I am the Defendant in the aboved mentioned matter,
and as such, I am hereby requesting the following FOIL MATERIAL,
FROM your office and records:

    1) I am requesting the following records pertaining to five
(5), different lineups that had been conducted on me on January
30, 2002, at Approx. 12:15-12:25 A.M.,. At the 115 Precinct,
Queens County, By Detective Paccio, K.

    2) I would further like to request any written proof of the
attendance of the following complaining witnesses:

        a) Francisco Reinoso

        b) Eduardo Checo

        c) Jose Baez

        d) John Gutierrez (and)

        e) Francis Baez

Whom supposedly participated at those lineups as Complaining
witnesses, during the aboved date and time.

    3) I am futher requesting: Disclosure of the amount paid
to those fillers that participated as fillers in the aboved
mentioned (5) Five lineups that had been conducted on me at
the aboved time and date mentioned above.

4) I am further requesting to know the name[s] of [all] of the complaining witnesses that viewed those five (5) lineups mentioned above.

Finally, I am requesting disclosure of the name(s) and Badge #'s of any of the offices whom's assignment it was to participate in the aboved mentioned lineups.

I thank you kindly, for your time and attention to this F.O.I.L. REQUEST, REGARDING THE ABOVED MENTIONED MATTER.

Respectfully requested,

Manuel perez, #05A1946

cc.: Records & Files
     Robert J. Freedom Director
     Committee on open Government
     One Commerce Plaza
     99  Washington Avenue
     Albany, NY 12231



POLICE DEPARTMENT
LEGAL BUREAU
F.O.I.L Unit, Room 110C
One Police Plaza
New York, NY  10038

03/04/15

Green Haven Correctional Facility
Mr. Manuel Perez  05A1946
P.O. Box 4000
Stormville, New York 12582

FOIL Req #: 2015-PL-1954
Your File #:

Dear Sir or Madam:

    This is in response to your letter dated 02/17/15, which was received by this office on 02/25/15, in which you requested access to certain records under the New York State Freedom of Information Law (FOIL).

    In regard to the documents(s) which you requested, I must deny access to these records on the basis of Public Officers Law Section 87(2)(f) as such records/information would endanger the life or safety of witnesses.

    You may appeal this decision or any portion thereof.  Such an appeal must be made in writing within thirty (30) days of the date of this letter and must be forwarded to: Jonathan David, Records Access Appeals Officer, New York City Police Department, One Police Plaza, Room 1406, New York, NY  10038.  Please include copies of the FOIL request and this letter with your appeal.

Very truly yours,

Richard Mantellino
Lieutenant
Records Access Officer

LiNe uPS

COURTESY • PROFESSIONALISM • RESPECT

Manuel Perez, 05A1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-4000

March 13, 2015

Mr. Jonathan David
Record Access Appeal Officer
New York City Police Department
One Police Plaza, Room 1406
New York, New York 10038

FOIL REQUEST No.: 2015-PL- 1954

Dear Mr. David:

Please accept this letter as my formal appeal regarding a FOIL request dated February 17, 2015. (See enclosed **Exhibit – A**). The reason for this appeal is due to the NYC Police Department FOIL Office's failure to provide me with documents that I am requesting which are allow under FOIL to be released to me.

It was stated that the reason for their denial was because such record/information would endanger the life or safety of witnesses *87(2)(f)* (see, attached **Exhibit – B**). While it is true that records requested that falls under the abovementioned section of the law are exempt from FOIL, my request does not falls under this section. The reason for this is that any pertinent information that may create the possibility of endangerment of life or safety of the witnesses could be extracted by redacting from the documents requested the information the FOIL officer consider sensitive. POL §89(2)(c)specifically states such and the documents/information I am seeking falls within this provision of law. Thus, NYC Police Department FOIL Officer shall and must make the documents requested available as soon as possible.

Thank you for your time, help, and cooperation in this matter.

Sincerely,

Manuel Perez

cc: file



**POLICE DEPARTMENT**
Office of Deputy Commissioner,
Legal Matters
One Police Plaza, Room 1406A
New York, New York 10038

July 16, 2015

Manuel Perez, 05A1946
Green Haven Correctional Facility
PO Box 4000
Stormville, New York 12582

RE:   **FREEDOM OF INFORMATION LAW
REQUEST: LBF # 15PL1954**

Dear Mr. Perez:

This letter is in response to your letter dated March 13, 2015, appealing the determination of the Records Access Officer (RAO), dated March 4, 2015, of the request pursuant to the Freedom of Information Law, by your letter dated February 17, 2015.

The appeal is denied because your request is duplicative of your prior request under file numbers 12PL1336 and 06PL3216. The records referenced individually in your current request are a subset of your prior request, making such request duplicative. In addition, your request is also duplicative of your prior request under file number 14PL6918. Moreover, the appeal is further denied because a diligent search was previously conducted for the requested records; however, the requested records were not located.

Other exemptions under FOIL also may apply.

You may seek judicial review of this determination by commencing an Article 78 proceeding within four months of the date of this decision.

Sincerely,

Jonathan David
Records Access Appeals Officer

c:  Committee on Open Government

Manuel Perez, 05A1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-4000

July 31, 2015

Mr. Jonathan David
Record Access Appeal Officer
New York City Police Department
One Police Plaza, Room 1406
New York, New York 10038

Re:     Clarification *FOIL Request – Appeal No 15PL1954*

Dear Mr. David:

    I am in receipt of your letter dated July 16, 2015, in which you stated the following: "The appeal is denied because your request is duplicative of your prior request under file numbers 12PL1336 and 06PL3216." (See, **Exhibit – A**). I respectfully disagree with your statement for the following reasons:

    *First*, the file numbers 06PL3216 & 12PL1336  are not related in whole or in part to the FOIL No. 15PL1954. In fact, file Number 06PL3216 was a FOIL request for a police arrest of January 30, 2002, and file Number 12PL1336 was a FOIL request for "arrest report and ballistic reports. (See, **Exhibit – B** and **B1**). Thus, either file number 06PL3216 or 12PL1336  have nothing to do with a lineup proceeding.

    *Second*, The current FOIL 15PL1954 is for a lineup proceeding conducted in January 30, 2002, which I originally requested on August 4, 2014, and due to your failure to respond I resubmitted again on February 17, 2015. On March 3, 2015, the request was denied. On March 13, 2015, I submitted my appeal and on July 17, 2015, I submitted a follow up appeal due to your failure to respond to my FOIL request. (See **Exhibit – C**).

    Therefore, your denial to my FOIL request is not in accordance to POL requirements and I respectfully request to review this matter accordingly and reinstate my appeal as soon as possible.

    Thank you for your time and cooperation in this matter.

                    Sincerely,

                    Manuel Perez

cc: file

EXhibiT "A"



**POLICE DEPARTMENT**
**LEGAL BUREAU**
F.O.I.L. UNIT, ROOM 110C
ONE POLICE PLAZA
NEW YORK, NY 10038

August 14, 2012

Manuel Perez 05A1946
Green Haven Cor, NY 12582

File # 12PL101336
Your File #

Dear Sir or Madam:

This is in response to your letter dated, 2/20/12 in which you request access to certain records under the New York State Freedom of Information Law ("FOIL").

☒ FOIL was unable to locate an arrest of Perez, Manuel on 1/29/02 by the 115 Pct. You may want to contact NY State Division of Criminal Justice Albany NY 12203 and obtain your Criminal History for more accurate information.

☒ In total,  0. page(s) have been copied. Please remit payment of $
  ☐ Documents are enclosed.

  ☐ Upon receipt of payment, documents will be mailed.

### PAYMENT PROCEDURE
Send check or money order Payable to the "N.Y.C.P.D" (NO CASH)

Mail payment to:
New York City Police Department, One Police Plaza –Room 110C, NYC 10038
Note: Please include the FOIL number on the check or money order

### APPEAL PROCEDURE
You may appeal this decision or any portion thereof in writing, within thirty (30) days of the date of this letter, and forward it to:

Jonathan David
Records Access Appeals Officer, N.Y.C.P.D, One Police Plaza-Room 1406, NYC 10038-1497

Sincerely,

Richard Mantellino
Lieutenant
Records Access Officer

COURTESY • PROFESSIONALISM • RESPECT

EXhibiT "B"



POLICE DEPARTMENT

Office of Deputy Commissioner,
Legal Matters
One Police Plaza, Room 1406
New York, New York  10038

May 4, 2007

Manuel Perez, 05A1946
Southport Correctional Facility
PO Box 2000
Pine City, New York 14871

RE:   **FREEDOM OF INFORMATION LAW
REQUEST: LBF # 06LPL103216**

Dear Mr. Perez,

This is in response your letter dated April 9, 2007, appealing the determination of the Records Access Officer, dated March 29, 2007, regarding records requested from the New York City Police Department pursuant to the Freedom of Information Law.

The appeal is denied because the records you requested are exempt from disclosure on the basis of Public Officers Law Section 87(2)(e)(i), in that such records, if disclosed, would interfere with judicial proceedings, such as a criminal trial or appeal.

In addition, no record of an arrest on January 30, 2002 was located, despite a diligent search.

Other exemptions under FOIL may also apply.

You may seek judicial review of this determination by commencing an Article 78 proceeding within four months of the date of this decision.

Sincerely,

Jonathan David
Records Access Appeals Officer

c:  Committee on Open Government



**POLICE DEPARTMENT**
**Office of Deputy Commissioner,**
**Legal Matters**
**One Police Plaza, Room 1406A**
**New York, New York 10038**

September 22, 2015

Manuel Perez, 05A1946
Green Haven Correctional Facility
PO Box 4000
Stormville, New York 12582

RE:     FREEDOM OF INFORMATION LAW
        REQUEST: LBF # 15PL1954

Dear Mr. Perez:

This letter is in response to your letter dated July 31, 2015, requesting reconsideration of the July 16, 2015 determination of your March 13, 2015 Freedom on Information Law (FOIL) appeal of the Records Access Officer (RAO), dated March 4, 2015, of the request pursuant to the Freedom of Information Law, by your letter dated February 17, 2015.

To the extent that your July 31, 2015 letter may have been intended as a further administrative appeal concerning the above-referenced FOIL request, please be advised that the Freedom of Information Law does not require reconsideration of an appeal. The July 16, 2015 determination by the undersigned was the final determination of your appeal. The Freedom of Information Law provides for only one administrative appeal of the denial of a FOIL request. You submitted your appeal, and an appeal determination was issued on July 16, 2015. The July 16, 2015 appeal determination was the final determination of your appeal concerning this FOIL request.

Other exemptions under FOIL also may apply.

You may seek judicial review of this determination by commencing an Article 78 proceeding within four months of the date of this decision.

Sincerely,

Jonathan David
Records Access Appeals Officer

c:  Committee on Open Government

LiNe-uPS

Manuel Perez
Din No: 05A1946
Green Haven Correctional Facility
P.O. BOX. 4000
Stormville, New York 12582

QUEENS COUNTY
DISTRICT ATTORNEY OFFICE
ATT: Rona I. Kugler                     **May 18, 2015**
Assistant District Attorney
Records Access Officer
125-01 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

Re: NOTICE OF REQUEST PURSUANT TO THE FREEDOM OF INFORMATION ACT
5 U.S.C.A. 552, AND THE PRIVACY ACT OF 1974-5 U.S.C.A. 552(a) AND
THE REGULATIONS PROMULGATED UNDER THE ABOVE REFERENCED ACTS.
Indictment Number: 342/2002. Docket No: 2002QN003984 & 2002QN004057
NYSID No: 052080R.

Dear: Assistant District Attorney. Rona I Kugler

Good morning!

The herein is to respectfully request pursuant to the above

referenced Acts, that this Honorable Office (please) afford me

a copy of the following records pertaining to five different

line-ups that had been conducted on me on January 30, 2002, at

approx. 12:15-12:25 AM., at the 115 Precinct, Queens County, by

Detective Paccio, K.

Further, I would like to respectfully request also, any

written proof of the attendance of the following witnesses:

a) Francisco Reinoso

b) Eduardo Checo

c) Jose Baez

d) John Gutierrez

e) Francis Baes

Thank you for your Honorable time, assistance, and for

reading my correspondence. I would appreciate your prompt response.

Have a good day!

Respectfully submitted

*Manuel Perez*

Manuel Perez



**DISTRICT ATTORNEY**
QUEENS COUNTY
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415-1568
(718) 286-6000

**RICHARD A. BROWN**
DISTRICT ATTORNEY

June 30, 2015

Manuel Perez
05-A-1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

      Re: Freedom of Information Law Request
        *People v. Manuel Perez*
        Queens County Indictment Number 342/02

    This letter is in response to your request for three line-ups conducted on January 30, 2002, in the above-referenced matter pursuant to the Freedom of Information Law (FOIL). A diligent search of our records has revealed that the following items are disclosable to you:

3 Pages:  115th Precinct Squad Line-Up Forms prepared by Detective Paccio for all three line-ups conducted on January 30, 2002.

3 pages @ $0.25 = $ .75

    If you wish to obtain copies of the items listed above, please send a **postal money order or a certified bank check in the amount of $.75, payable to the "Office of the District Attorney of Queens County."** This fee covers our reproduction costs and is permissible under Public Officers Law § 87 (1)(b)(iii). After we receive your payment, copies of these documents will be processed and mailed to you.

Freedom of Information Law Request                                              Page 2
*People v. Manuel Perez*
Queens County Indictment Number 342/02


As to your new request dated May 18, 2015, for written proof of the attendance of the following witnesses: Francisco Reinoso, Eduardo Checo, Jose Baez, John Gutierrez, Francis Baes, I am constrained to deny this request. No document in our files meets the description of this request. An agency is not required to create new records or compile data from documents in its possession, but merely to turn over records which already exist. *In re Brown v. New York City Police Department*, 264 A.D.2d 558 (1999); *Di Rose v. New York State Department of Correctional Services*, 216 A.D.2d 691 (3d Dept. 1995); *Reubens v. Murray*, 194 A.D.2d 492 (1st Dept. 1993). Indeed, "an agency is under no obligation to furnish documents which is does not possess." *Rivette v. District Attorney of Rensselaer County*, 272 A.D.2d 648 (3d Dept. 2000). Similarly, the Freedom of Information Law is not a vehicle under which an agency is required to answer questions, but instead, is only a means by which an individual may seek existing records. *See* Committee on Open Government FOIL-AO-4069 and FOIL-AO-4058. Thus, because no document in the case file meets the terms of this request, there is nothing that I can provide to you.

Within 30 days of this letter, you have the right to appeal this determination to Executive Assistant District Attorney John Castellano, the FOIL Appeals Officer, Office of the District Attorney of Queens County, 125-01 Queens Boulevard, Kew Gardens, New York 11415.


                                                    Regards,


                                                    Rona I. Kugler
                                                    Assistant District Attorney
                                                    Records Access Officer

RK/mz

Manuel Perez, 05A1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-4000

July 10, 2015

John Castellano, Executive Assistant ADA
FOIL Appeal Officer
Office of the District Attorney
Of Queens County
125-01 Queens Blvd
Kew Gardens, New York 11415

FOIL REQUEST No.: 342/02 – **APPEAL**

Dear Mr. Castellano:

Please accept this letter as my formal appeal regarding a FOIL request dated May 18, 2015. (See enclosed **Exhibit – A**). The reason for this appeal is due to the Queen County ADA FOIL Officer's failure to follow the stipulation stated under P.O. L §89(2)(c), and provide me with the documents that I am requesting which are allow under FOIL to be released to me.

Thus, I respectfully request to conduct an investigation into this matter and provide me, at a suitable time, the documents I am seeking through my FOIL request

Thank you for your time, and cooperation in this matter.

Sincerely,

Manuel Perez

cc: file



**DISTRICT ATTORNEY**
**QUEENS COUNTY**
125-01 QUEENS BOULEVARD
KEW GARDENS, NY 11415-1568
(718) 286-6000

Richard A. Brown
District Attorney

July 29, 2015

Manuel Perez
05-A-1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

Re:   *Freedom of Information Law Appeal*
*People v. Manuel Perez*
Queens County Indictment Number: 342/02

Dear Mr. Perez:

This letter is in response to your letter dated July 10, 2015 appealing the June 30, 2015 partial denial of your request for documents pursuant to the Freedom of Information Law ("F.O.I.L."). For the reasons that follow, your appeal is denied.

ADA Kugler correctly denied your F.O.I.L. request from the above-referenced matter for written proof of attendance of the following witnesses: Francisco Reinoso, Eduard Checo, Jose Baez, John Gutierrez, and Francis Baes. As she explained, no document in the case file met this description. Thus, because we do not possess any such document, there were no records that we could provide to you in relation to this request.

Ms. Kugler's reliance on the law to support her denial was proper too. As she stated, an agency is not required to create new records or compile data from documents in its possession, but merely to turn over records which already exist. *In re Brown v. New York City Police Department,* 264 A.D.2d 558 (1999); *Di Rose v. New York State Department of Correctional Services,* 216 A.D.2d 691 (3d Dept.

Freedom of Information Law Request                                    Page 2
*People v. Manuel Perez*
Queens County Indictment Number 342/02


1995); *Reubens v. Murray*, 194 A.D.2d 492 (1st Dept. 1993). Further, ADA Kugler was correct in further noting that "an agency is under no obligation to furnish documents which it does not possess." *Rivette v. District Attorney of Rensselaer County*, 272 A.D.2d 648 (3d Dept. 2000). Similarly, as ADA Kugler told you, the Freedom of Information Law is not a vehicle under which an agency is required to answer questions, but instead, is only a means by which an individual may seek existing records. *See* Committee on Open Government FOIL-AO-4069 and FOIL-AO-4058.

Accordingly, because no document in the case file meets your description, your appeal is hereby denied.


Regards,

John M. Castellano
Deputy Executive Assistant District
Attorney
FOIL Appeals Officer


RIK/jvb



Richard A. Brown
District Attorney

**DISTRICT ATTORNEY**
**QUEENS COUNTY**
**125-01 QUEENS BOULEVARD**
**KEW GARDENS, NEW YORK 11415**
**(718) 286-6000**

August 6, 2015

Manuel Perez
05-A-1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

<u>Freedom of Information Law Request</u>
People v. *Manuel Perez*
Queens County Indictment #342/02

Dear Mr. Perez:

We have received your payment for documents from the above-referenced case file and are currently processing your request. We will process your documents and contact you within sixty days from the date of this letter.

Regards,

Rona I. Kugler
Assistant District Attorney
Records Access Officer

RIK/kv

Manuel Perez, DIN #05-A1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, N.Y. 12582

November 3, 2015

Rona I. Kugler
Assistant District Attorney
Queens County District Attorney Office
125-01 Queens Blvd.
Kew Gardens, N.Y. 11415

FREEDOM OF INFORMATION LAW REQUEST
PEOPLE V. MANUEL PERE
QUEENS COUNTY INDICTMENT #342/02

Record Access Officer Rona Kugler:

I have received a correspondence from your office
informing me that based on my prior FOIL request and the
receipt of payment, that my request would be processed; and
that I would be contacted within 60 days of August 6, 2015.

As of the writing of this letter, the 60 days has
elapsed and I have not received anything from your office. I
am asking that you look into this matter and notify me as to
the status of this FOIL request.

The resolution of this matter with disclosure of the
requested information would be greatly appreciated. Thank you
in advance.

Respectfully

Manuel Perez

cc:      file



**DISTRICT ATTORNEY**
**QUEENS COUNTY**
**125-01 QUEENS BOULEVARD**
**KEW GARDENS, NEW YORK 11415-1568**
**(718) 286-6000**

RICHARD A. BROWN
DISTRICT ATTORNEY

March 21, 2016

Manuel Perez
05-A-1946
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788

Re:     Freedom of Information Law Request
        *People v. Manuel Perez*
        Queens County Indictment No. 342/02

Dear Mr. Perez

We have received your check in the amount of $0.75. Enclosed are copies of the items that you requested from the above-referenced case:

3 Pages:     115th Precinct Squad Line-Up Forms prepared by Detective Paccio for all three line-ups conducted on January 30, 2002.

Please note that some of the documents contain redactions.  An agency may delete identifying details out of concern for privacy of individuals.  *Corbin v. Ward*, 160 A.D.2d 596 (1st Dept. 1990); *Harris v. City University of New York*, 114 A.D.2d 805 (1st Dept. 1985).  Here we redacted personal information, such as dates of birth, police officer Tax identification numbers, telephone numbers, and addresses.

Regards,

Rona I. Kugler
Assistant District Attorney
Records Access Officer

RK/dr

## 115 SQUAD LINEUP FORM

COMPLAINT # 1030    CASE# 88    CRIME Robbery

DATE OF LINEUP _____ TIME OF LINEUP _____ HRS _____

DETECTIVE ASSIGNED ___ Paccio ___ SHIELD ___ 6327 ___

SUPERVISOR ___ Sgt Maiale ___ COMMAND ___ 115 SQD ___

### VIEWING POSITIONS FROM LEFT TO RIGHT

( 1 )    ( 2 )    ( 3 )    ( 4 )    ( 5 )    ( 6 )

PARTICIPANTS:

POS#1 ██████████████  SIGNATURE _____
ADDRESS ██████████ _____

POS#2 ██████████████  ████NATURE _____
ADDRE██████████ _____

POS#3 Miguel Perez _____ SIGNATURE _____
ADDRESS ██████████ _____

POS#██████████████  ████ATURE _____
ADD██████████ _____

POS██████████████  ████ATURE _____
ADD██████████ _____

POS#6██████████████  ████ATURE _____
ADDR█████ _____

### QUESTIONS TO VIEWER

DO YOU RECOGNIZE ANYONE? _____    ANSWER: YES

WHAT NUMBER DO YOU RECOGNIZE? _____    ANSWER: 3

WHERE DO YOU RECOGNIZE THAT PERSON FROM? ___ "The guy
___ who Robbed me in the Bodega"

VIEWER NAME FRANCISCO REINSO    SIGNATURE _____

## 115 SQUAD LINEUP FORM

COMPLAINT # 1030     CASE# 88     CRIME  Robbery

DATE OF LINEUP _____  TIME OF LINEUP _____HRS _____

DETECTIVE ASSIGNED ____Paccio____  SHIELD ____6327____

SUPERVISOR ___Sgt Maiale___  COMMAND ____115 SQD____

### VIEWING POSITIONS FROM LEFT TO RIGHT

( 1 )   ( 2 )   ( 3 )   ( 4 )   ( 5 )   ( 6 )

**PARTICIPANTS:**

POS#1 ████████████████████████ RE _____
ADDRE ████████████████████

POS#2 ████████████████ NATURE _____
ADDR ██████████████

POS#3 _Miguel  Perez_____ SIGNATURE _____
ADDRESS_██████████ ███

POS#4 █████████████████ ATURE _____
ADDR ███████████

POS#5 ███████████████ NATURE _____
ADDRE ███████████

POS#6 ████████████████ ATURE _____
ADDR ███████████

### QUESTIONS TO VIEWER

DO YOU RECOGNIZE ANYONE? _____  ANSWER: ___yes___

WHAT NUMBER DO YOU RECOGNIZE? _____  ANSWER: ___3___

WHERE DO YOU RECOGNIZE THAT PERSON FROM? __"The guy__
_who did the Robbery "_

VIEWER NAME _Frances Baez_  SIGNATURE _____

## 115 SQUAD LINEUP FORM

COMPLAINT # ___1030___   CASE# ___88___   CRIME ___Robbery___

DATE OF LINEUP _____   TIME OF LINEUP _____ HRS _____

DETECTIVE ASSIGNED ___Paccio___   SHIELD ___6327___

SUPERVISOR ___Sgt Maiale___   COMMAND ___115 SQD___

## VIEWING POSITIONS FROM LEFT TO RIGHT

( 1 )   ( 2 )   ( 3 )   ( 4 )   ( 5 )   ( 6 )

**PARTICIPANTS:**

POS#1 ███████████████ ATURE _____
ADDR█ _____

POS#2 ███████████████ NATURE _____
ADDR█ _____

POS#3 Miguel Perez _____ SIGNATURE _____
ADDRESS █████ ██ _____

POS#4 ███████████████ NATURE _____
ADD█ _____

POS#█ ███████████████ ATURE _____
ADD█ _____

POS#6 ███████████████ TURE _____
ADDR█ _____

## QUESTIONS TO VIEWER

DO YOU RECOGNIZE ANYONE? _____   ANSWER: ___YES___

WHAT NUMBER DO YOU RECOGNIZE? ____   ANSWER: ___3___

WHERE DO YOU RECOGNIZE THAT PERSON FROM? ___"The guy that came in the STORE"___

VIEWER NAME ___Jose Baez___   SIGNATURE ___Jose N Baez___

(Exhibit I.)

Complainant's Name - Last, First, M.I.

Checo  Eduardo

**AREA WITHIN BOX FOR DETECTIVE/ LATENT FINGERPRINT OFFICER ONLY. THIS BOX WILL BE UTILIZED BY INVESTIGATOR WHENEVER POSSIBLE AND MUST BE FULLY COMPLETED WHEN USING THIS FORM TO CLOSE A CASE "NO RESULTS."**

Comp. Interviewed  □ Yes  □ No    In Person □    By Phone □    Date    Time    Results: Same as Comp. Report - Different (Explain in Details)

Witness Interviewed  □ Yes  □ No   In Person □    By Phone □    Date    Time    Results: Same as Comp. Report - Different (Explain in Details)

Canvass Conducted  □ Yes  □ No    If Yes - Make Entry in Body Re: Time, Date, Names, Addresses, Results    Crime Scene Visited - □ Yes  □ No    If Yes - Make Entry in Details Re: Time, Date, Evidence Obtained

Complainant Viewed Photos  □ Yes  □ Refused  □ Future    Results:

Witness Viewed Photos  □ Yes  □ Refused  □ Future    Results:

Crime Scene Dusted  □ Yes  □ No    By (Enter Results in Details)    Crime Scene Photos  □ Yes  □ No    By (Enter Results in Details)

If Closing Case "No Results," Check Appropriate Box and State Justification in Details:
□C-1 Improper Referral   □C-2 Inaccurate Facts   □C-3 No Evidence/Can't ID   □C-4 Uncooperative Complainant   □C-5 "Leads" Exhausted

DETAILS:

Investigation: Robbery
Subject     : Response/Interview with Eduardo Checo

On 1/12/02 the undersigned along with Det McCann did respond to 102-01 37 ave in regards to a Robbery. The undersigned did interview Mr Eduardo Checo in regards to the Robbery and one shot being fired. During the interview the complainat stated the following in sum and substance:
Mr Checo states while he was standing behind the counter of his store waiting in customers, an unk male subject enter his store and went to the rear of the store, the male then approached the counter and fired his gun at the floor and stated "nobody move"and"give me your money,and your braclet give me everthing" Mr Checo further states he complied,and the male then fled the location in a unk dark auto.  Mr Checo then states the customers in the store left the location and did'nt await the arrival of he police. C/V Eduardo Checo informed the undersigned that there no injuries,to himself or customers (witnesses). The undersigned confered with Mr Checo if there were any video survillence camera in the store C/V stated there were not.
Mr. Checo proivded the following description M/Hisp/approx 35yrs old 5'5 130-lbs  Puerto Rican- Accent(dialect). gray-jacket  blk knit- hat
Mr. Checo provided the following contact numbers
hm#▓▓▓▓▓▓    wk# ▓▓▓▓▓▓▓▓


       CASE ACTIVE.....


CASE  ☒ACTIVE  □CLOSED    DATE REVIEWED/CLOSED  1-12    IF ACTIVE, DATE OF NEXT REVIEW

REPORTING OFFICER:    RANK  DET    SIGNATURE    NAME PRINTED  COUGHLIN    TAX REG. NO.  885451    COMMAND  115 Rar

REVIEWING/CLOSING SUPERVISOR:    CASE CLOSED:  C    ENTER DESIGNATION        OR 3    SIGNATURE    C.O.'s INITIALS

( Exhibit J. )

Checo - People - Cross                    355

1      Q      He said this in Spanish, correct?

2      A      Yes.

3      Q      Are there different Spanish dialects?

4      A      In what way?

5      Q      Well, somebody say who comes from Colombia --

6             THE COURT:  Why don't ask you if the witness

7      knows what he was speaking.  You're trying to qualify

8      him as an expert in dialect.  Ask your question.

9      Q      When he spoke, this person spoke, could you tell

10     what country he came from?

11     A      When he fired and at that moment, no.

12            THE COURT:  Could you tell by virtue of the

13     way he spoke, and he spoke the Spanish language, could

14     you tell from what country he came from?

15            THE WITNESS:  He said it was a holdup in

16     Spanish.

17            THE COURT:  I understand that.  Do you

18     understand what a dialect means?

19            THE WITNESS:  Yes.

20            THE COURT:  Could you tell if he was from the

21     Dominican Republic, from Puerto Rico, from Colombia,

22     from any of the countries?  Could you tell by virtue of

23     the way he spoke Spanish what country you thought he

24     was from?

25            THE WITNESS:  I thought he spoke like a

1      Q      Where was this fifth person when you first

2  noticed him?

3      A      He went in and walked to, to the rear of the

4  store.  I thought he was shopping for something.

5      Q      When you say he walked to the rear, does that

6  mean he walked past you?

7      A      He -- yes.  He entered and passed by and walked

8  to the rear.  He looked like a normal customer who was

9  looking for something.

10      Q      And you've never seen this person before?

11      A      Never.

12      Q      Do you know what he was wearing?

13      A      On that day?

14      Q      Yes, on that day.

15      A      Pants and a polo shirt.  I don't remember the

16  color.  I was nervous.

17      Q      Well, you weren't nervous when he first walked

18  in?

19      A      No, because he entered like he was shopping like

20  a normal customer.

21      Q      So when you first saw this person that walked in,

22  you weren't nervous?

23      A      No.  I thought he was shopping.

24      Q      Right.  Was this person wearing a hat?

25      A      No, he didn't have anything on.

1     Dominican.

2                THE COURT:  Okay.  Go on.  Next question.

3     Q     Do you recall telling the police that you thought

4     the person was from Puerto Rico?

5                MS. LIPKANSKY:  Objection.

6                THE COURT:  Overruled.

7     A     It seemed -- he seem to be like a Puerto Rican.

8     Q     You just said Dominican a minute ago.

9     A     I said that he appeared he like, like a Puerto

10    Rican.  Not that he spoke like one.

11    Q     Did you tell the police that his accent was

12    Puerto Rican?

13    A     No.

14    Q     Now, from the time the person entered the grocery

15    store to the time that he said that this was a holdup, how

16    much time had elapsed?

17    A     How much time had passed?

18    Q     Yes.

19    A     After he fired the shot it was about four or five

20    minutes.

21    Q     No.  From the time he walked in the door to the

22    time he said that this is a holdup, how much time did that

23    take?

24    A     About 10 minutes.

25    Q     How much time did he spend in the back of the

1      A      That's an odd question.  170 or 180.  I don't

2   know.  I couldn't say how much he weighs.

3      Q      Did you tell the police at the time that you

4   spoke to them that night how much the person weighed?

5      A      No.  They didn't ask me.

6      Q      Did anybody ever ask you how tall the person was

7   or how much he weighed?

8      A      I don't recall.

9      Q      Did you ever tell any police officer that the

10  person who robbed you was 130 pounds?

11     A      I don't recall.

12     Q      Did you ever tell them the person was five foot

13  five?

14     A      I said five something.  I don't recall.

15     Q      But you don't recall telling them the person,

16  that the person was 130 pounds?

17     A      At that moment I don't remember anything.  I was

18  very nervous.

19     Q      Do you ever remember telling them the person was

20  wearing a black winter hat -- yes, a black winter hat?

21     A      Halfway down his head.

22     Q      But didn't you just tell us a few moments ago he

23  wasn't wearing a hat?

24     A      Now, now I do recall that he did have a folded

25  over hat.

Checo - People - Direct

334

1          THE COURT:  Just show it to the jury.  Just

2     stand up in front of the jury.

3          You will have a chance to see it.  You can

4     show it.

5          (Shown to the jury.)

6          MS. LIPKANSKY:  Could that be shown to the

7     witness one more time for just a moment?

8          THE COURT:  Yes.

9     Q     Mr. Checo, could you take a look at that and tell

10    us -- you told us the shot that was fired went into a Coca

11    Cola display.  Is that display shown on one of those

12    photographs?

13    A     This refrigerator right here.

14    Q     That's on 3-B you're pointing to?

15    A     It's in front, yes.

16         THE COURT:  Is that 3-B?

17         COURT OFFICER:  Yes, Judge.

18    Q     And is that the right-hand side of the

19    photograph?

20    A     Yes, on the right-hand side.

21         THE COURT:  Why don't you turn it around.

22    Show it to the jury and let the witness point it out.

23         Point out where you claim the machine is.

24    A     It's right here, Coca Cola.  That's the entrance

25    to the bodega.  The counter is right there.

Checo - People - Cross                354

1    gun go off?

2         A    He fired down and then he pointed it at me.

3         Q    So when the gun was fired it was not pointed at

4    you?

5         A    No.  He fired the shot to let everyone know it

6    was a holdup.

7                   MR. WORGAN:  Judge, I'm going to object to

8         that.

9                   THE COURT:  Stricken from the record.

10                  Ask your next question.

11                  The jury is to disregard the answer.

12        Q    The gun was fired down into the ground, correct?

13        A    Yes.

14        Q    And then he said something --

15                  THE INTERPRETER:  I'm sorry, counsel?

16        Q    And after the gun was fired he said something?

17        A    He said, this is a holdup.  No one move.

18        Q    In English or in Spanish?

19        A    In Spanish.

20        Q    You had never spoken to this person?

21        A    No.

22                  THE COURT:  Time.  Would you step up, please.

23                  (Sidebar discussion off the record.)

24                  THE COURT:  You may proceed, Mr. Worgan.

25                  MR. WORGAN:  Thank you, Judge.

( Exhibit K )



DISTRICT ATTORNEY QUEENS COUNTY
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415-1568
(718) 286-6000

RICHARD A. BROWN
DISTRICT ATTORNEY

**PEOPLE vs. MANUEL PEREZ**
**IND. NO. 342/2002**

**List of Criminal Convictions for Eduardo Checo, pursuant to C.P.L. § 240.45(1)**

5/3/02 -- P.L. § 220.06(5), Criminal Possession of a Controlled Substance in the Fifth Degree

There are no pending criminal cases.

( Exhibit  L. )

1    you claim you were held up by an individual.  Just yes

2    or no?

3                    THE WITNESS:  No, I had stopped.

4    Q    Well, didn't you just say a couple of minutes

5    ago --

6                    THE COURT:  The form of the question is bad.

7                    MR. WORGAN:  Okay.

8    Q    When did you start using drugs?

9                    THE COURT:  For the first time.

10                   THE WITNESS:  It was about three years ago.

11   Q    Okay.  Three years ago would have been in '01.

12   This is '04, correct?

13   A    When I was arrested it was in 2001.

14                   THE COURT:  That's not the question posed,

15   Mr. Checo.  Listen carefully.

16                   When did you first start using cocaine?  Was

17   it in 2001, 2002, 2003, when?

18                   THE WITNESS:  In the year 2000.

19                   THE COURT:  Okay.

20   Q    And for how long did you use drugs?

21   A    About one or two years.  It was a mistake that I

22   committed.

23                   THE COURT:  Whatever the mistake was,

24   whatever it was, were you using drugs continuously as a

25   recreation or for whatever purposes in 2000, 2001, and

( EXhibiT M. )

Gutierrez - People - Direct

1    the library, 104th, 39th Street.  So what I did is instead

2    of going towards my car I kept walking to see by any chance

3    he will, he will stop following me.

4         Q    What happened?

5         A    As I did that, you know he made -- he like, like

6    he stopped following me.  He went a different way.  So I

7    just kept walking towards -- I kept walking past my car,

8    cause I didn't want him to see I was getting to my car.

9                   MR. WORGAN:  Objection.

10                   THE COURT:  Stricken, what he didn't want him

11        to see.

12                   You walked past your car, Mr. Gutierrez, for

13        whatever reason.

14                   Go on.  Next question.

15        A    Then I turned back towards my car.  And as I

16   turned towards my car, I get into my car, I see him coming

17   back.

18        Q    This is the same person who had approached you

19   outside the restaurant?

20        A    Yes.  But at this time once I got in my car I see

21   he walking at a fast pace towards me.

22        Q    Do you recall what that person looked like that

23   night --

24        A    No.  Not entirely, no.

25        Q    As he approached your car, what was the next

1   just was robbed at gun point.  At that time they

2   told me park the car and to go with them.

3   Q.        Now, how much money, approximately, did

4   you give this person with the gun?

5   A.        Maybe, think maybe close to $150.

6   Q.        And when you went -- did you actually get

7   into the police officer's van?

8   A.        Yes.

9   Q.        Did you drive around with them for

10  awhile?

11  A.        Yes.

12  Q.        Did there come a time when you saw

13  someone sitting in a restaurant?

14  A.        Yes, I did.

15  Q.        Could you describe what happened then,

16  for the Grand Jury?

17  A.        Sure.  I mean we drove, I would say maybe

18  30 minutes, and the police officers actually

19  showed -- they had few people that had there, had

20  stopped during those 30 minutes.  I know, I know

21  if I see that individual, I know I will recognize

22  him.  We stopped, basically, the restaurant and

23  say you saw this individual with a -- was wearing

24  a blue T-shirt.  I told him I'm not sure.  I was

25  like 'cause it was kind of dark where it was, plus

SA
43

( EXhibiT  N. )

NOTICE OF APPEARANCE

||||||||||||||||||||||||

2002QN003984

OF The City of new YORK

The People of the State of New York

vs.

Part

MANUEL PEREZ                    27 (m)
NAME                             AGE

34-38 112 STREET
STREET ADDRESS

NY                    NY
CITY                  STATE

#2
NAME                             AGE

STREET ADDRESS

CITY                  STATE

#3
NAME                             AGE

STREET ADDRESS

CITY                  STATE

#4
NAME                             AGE

STREET ADDRESS

CITY                  STATE

Defendants are charged with a violation of

PL 160.15-4

PO KERRI A HOOVERT          115 PCT
OFFICERS' NAME      SHIELD#    COMMAND

VACATION/LEAVE                DUTY CHART

Q02004195
PCT.   ARREST SERIAL #    COMPLAINT PREPARED BY  HON

Search Warrant #        Executed in this case. CTREP  SCHNEIDER

---

Arrest Date  JAN 29   ,  2002

Time 5:04          A.M.

ARRAIGNMENT

Date              ,

The defendant upon appearing for arraignment:

was assigned Legal Aid Society counsel

 was Legal Aid Society counsel on arraignment only

INDICTED
TRANSFERRED

 was represented by his own counsel

INDICTMENT NO.

 was represented by himself,

X  was furnished with a copy of the accusatory instrument filed against him.

 was informed pursuant to section 5.10.30-3 CPL.

 was informed pursuant to section 180.10 of the CPL.

 waived the requirement that he be informed pursuant to section 180.10 of the CPL

 was informed pursuant to section 1807-1 of the V.T.L.

 was served with notice by the District Attorney pursuant to section 710.30-1a of the CPL

 was served with notice by the District Attorney pursuant to section 710.30-1b of the CPL.

 was notified by the District Attorney pursuant to 190.50-5a of the CPL.

Judge

HON. BUTLER

CTREP SCHNEIDER

JAN-30-2002 AR-3

---

EXHIBIT

ADJOURN

To Part    AP-6

To Date   7/11/02

BAIL CONDITION

#1 $0,000 / $0,000

#2                          IN
                            OR

#3                          IN
                            OR

#4                          IN
                            OR

 The defendant, upon being released on his own recognizance, was directed by the Court to section 510.40 of the CPL.

ADJ.
REQUEST   PRESENT  ABSENT   NOT
People    Officer  Officer  Off

 Defense Complainant Complainant Compl.

 Consent Defendant Defendant Defen

Court  Attorney  Atty directed being
SPEEDY TRIAL

 Adjournment period to be excluded Sec. 30.30 CPL.

 Adjournment period to be charged Sec. 30.30 CPL.

 The defendant, being without counsel, to this adjournment after having information, his rights under the Speedy Trial, misdemeanor complaint, effect of his consent.

 Psychiatric examination ordered
   Custody
   Out Patient

 Narcotic examination ordered.

 Medical attention required.

BUTLER

JUDGE

( EXhibiT O - )

24

P.O. Hoovert - People - Cross

1    intoxicated in any way, shape or form?

2            THE WITNESS:  Not at all.

3            MR. SHEEHAN:  To finish, your Honor, it's not

4    a trial that has a probable cause issue I'm bringing

5    up.  I could submit cases.  The Court considered other

6    evidence that would suggest that the identification is

7    wrong.

8            THE COURT:  That's not a hearing issue though.

9            MR. SHEEHAN:  For probable cause here.

10           MS. LIPKANSKY:  There's also no Dunaway

11   hearing.

12           THE COURT:  Let me get it out of the way.

13   There's probable cause.  The point out by the civilian

14   witness in and of itself is sufficient under case law to

15   establish probable cause.

16           MR. SHEEHAN:  There are cases that say clearly

17   if there specifically is other evidence even though

18   there is a point out by a civilian witness of someone

19   identifying someone as a perpetrator of the crime, the

20   other evidence must be considered to determine whether

21   there is probable cause.  That's my position.

22           THE COURT:  Show me those cases.

23           MR. SHEEHAN:  I'll be glad to bring in the

24   cases.

25           THE COURT:  I'd love to see them.

2

Argument - Defense

1    THE CLERK:  Eleven, 342/2002, Daniel Perez.

2    Let the record reflect the presence of the official

3    Spanish interpreter.

4    MS. LIPKANSKY:  Maryam Lipkansky for the

5    People.

6    MR. SHEEHAN:  Thomas Sheehan for Manuel

7    Perez.

8    THE COURT:  Mr. Sheehan, Ms. Lipkansky, this

9    case is on for continued hearing.  The People, the

10   last time the case was on in front of me, had rested.

11   This case was on today to see if the defense wishes to

12   present any evidence.

13   MR. SHEEHAN:  One moment.

14   (Counsel conferring with client).

15   MR. SHEEHAN:  Your Honor, at this point the

16   defense would rest.

17   THE COURT:  Counsel wish to make any oral

18   argument at this point?

19   MR. SHEEHAN:  I would just state, your

20   Honor, it's my position that the statement is a

21   product of a custody, and it was in such a way that it

22   was designed to elicit a response.  Also, the

23   identification or the arrest of my client and the

24   subsequent identifications were not just confirmatory

25   in nature.  He was inside of an establishment, and he

lam

1       cent.

2                    THE COURT:  Who retained you?

3                    MR. SHEEHAN:  Your Honor, because I've known

4       Mr. Perez on this Civil Rights matter, Mr. Coakley was

5       representing him; he was having problems.  He asked me

6       to represent him.  I thought it was something I could

7       work out.  Two years later we haven't been able to work

8       it out.

9                    He's paid me nothing, and I understand that.

10      I didn't expect him to pay me because he's in jail, he

11      has no funds.  We did two days of hearings.  He was at

12      Mid-Hudson for a 730.  His defense is very clear, which

13      is, the assistant and the police have fabricated this

14      case.

15                   THE COURT:  Let's hold it there.  So,

16      whatever it is you know, discussions you have had, you

17      also do not want to be in a position to say anything

18      negative to someone who you have been representing.

19                   So, we will hold it at that.  I am relieving

20      counsel.

21                   The matter is going to have to be adjourned

22      for the appointment of 18b counsel, since he has been

23      incarcerated, and also the subject of a 730, and it

24      will take counsel a little time to get new counsel up

25      to speed on this.

(EXhibiT Q.)

1   A    After the first time?

2   Q    Yes, after the first time.

3   A    Yes.

4   Q    And when was the second time?

5   A    July 17th of 2003.

6   Q    And what was that for?

7           MS. LIPKANSKY:  Objection.

8           THE COURT:  Step up at the side for a minute

9   with the reporter.

10          (The following proceedings took place at

11  sidebar.)

12          THE COURT:  What was that arrest for?

13          MS. LIPKANSKY:  Your Honor, he was acquitted

14  after trial of that case.

15          THE COURT:  That's a bad faith basis for it.

16          MS. LIPKANSKY:  I'm going to ask him that one

17  question.  I'm going to ask one question, what was the

18  result of that case, because I think now --

19          THE COURT:  It was a misdemeanor?

20          MS. LIPKANSKY:  I think it was a felony

21  arrest, but he went to trial.  He was acquitted.

22          THE COURT:  What was the charge?

23          MS. LIPKANSKY:  I think it was a drug related

24  charge.

25          THE COURT:  Possession or sale?

( EXhibiT P. )

Mr. Manuel Perez (AKA Miguel)
05 A 1946
Greenhaven CF
P.O. Box 4000
Stormville, NY 12582

July 15, 2015

Office of the District Attorney
Queens County
Queens County Courthouse
125-01 Queens Blvd.
Kew Gardens, NY 11415

RE: People v. Manuel Perez (A||A Miguel)
    NYSID No. 5720803R

Dear Sirs:

    I am endeavoring to obtain a copy of the original arrest
report of an incident that transpired on January 29, 2002 at
approximately 5:00 AM in the vicinity of 39-16 111 th. Street in
Corona Queens.  On this date and time I was detained by Officers
Christopher Camecho [phonetic] and Kerri Hoovert of the 115th.
Pct. for the crime of Criminal Mischief 3rd. Degree.  There were
no other charges involved in this incident.

    I am also requesting that I am provided with a copy of the
DA's "file jacket" associated with this matter, reflecting the
charges and the proceedings had therefore and the manner of dis-
position.

    If these documents can not be provide to me as a courtesy I
would request that they be provided to me, at the earliest, under
the provisions set forth under Public Officers Law §§ 84-90 and
that the materials be provided to me at my expense.

    I take this opportunity to thank you for your attention and
any and all assistance provided to me in regards to this matter.

                                    Sincerely,

                                    Manuel Perez

Enclosure: FDNY Ambulance Call Report

# FDNY AMBULANCE CALL REPORT

NO. 3414401 4

| File MM/DD/YY | Unit | Unit Type | Crew | Shield Driver | Shield Tech | CAD No. | Responded From |
|---|---|---|---|---|---|---|---|
| | VBICH | ALS | 1119 | 5748 | | 1/18/14 | 103 ST / 35 AVE |

Location: 111 ST  Roosevelt   Boro: QN   Apt.   PD Badge Number: 5262   Precinct: 115   Call Type: Unknown cond

Patient's Last Name: VKNKWN IMPALE   First Name:   Sex: ☑M ☐F   Age: UTO   DOB MM/DD/YYYY: UTO

Home Address: UTO   Apt. UTO   Social Security Number: UTO

City: UTO   State: UTO   Zip Code: UTO   Next of Kin: UTO   Telephone: UTO

| | | REC'D | 05 | 3 | 2 |
| Prior Treatment at Scene: None | By Whom: O | Prior: ☐Defibrillation(s), No.: __ ☐CPR, Mins.: __ By: ☐PD ☐FD ☐Other: __ | 10-63 | 05 | 3 | 7 |
| | | 10-84 | 05 | 3 | 4 |
| | | 10-82 | 05 | 4 | 6 |
| | | 10-81 | 05 | 5 | 2 |
| | | AVAIL | 0 | 6 | 34 |

CHIEF COMPLAINT: Pt did not speak / Pt was maced by PD    MILEAGE: 01

## PRESENTING PROBLEM

MEDICAL  If more then one is checked, circle the primary problem

☐Airway Obstruction ☐CVA / TIA ☐Hemorrhage ☑Respiratory Distress ☐Overdose:
☐Abdominal Pain ☐Dehydration ☐Nausea / Vomiting ☐Respiratory Failure
☐Allergic Reaction ☐Dizziness ☐Newborn ☐Respiratory Arrest   Substance __
☐Altered Mental Status ☐Environmental: ☐Obvious Death ☐Seizure: ☐Poison: __
☑Behavioral ☐Haz-Mat ☐Cold ☐Heat ☐Ob / Gyn: ☐Labor ☐Shock
☐Cardiac Arrest ☐General Malaise ☐Delivery ☐Syncope   Substance __
☐Chest Pain ☐G.I. Distress / Bleed ☐Psychotic / Suicidal ☐Unconscious ☑Other: Mace

INDICATE ALL THAT APPLY FOR MEDICAL or TRAUMA

Onset: __
Pain: 6x 0
Quality: __
Radiation: __
Severity: ☐Mild ☐Mod ☐Severe
Duration: __

TRAUMA  Location: ☐Anterior ☐Posterior ☐Right ☐Left
☐Amputation ☐Burn: ☐Thermal ☐Chemical ☐Electrical ☐Cardiac Arrest ☐C.N.S. ☐Crush ☐FX/Dislocation
☐Head Trauma ☐Hemorrhage ☐Impaled Object ☐Paralysis ☐Shock ☐Soft Tissue ☐Other   Inhalation

MECHANISM OF INJURY
☐Assault ☐Child Abuse ☐Cold ☐Domestic Violence ☐Elder Abuse ☐Fall ☐G.S.W. ☐Hazardous Materials
☐Heat ☐Machinery ☐MVA: Seatbelts ☐Yes ☐No ☐Pedestrian Struck ☐Stab ☐Other: __

HISTORY ☐Denies   UKnown   UTO
☐Amputee ☐Asthma ☐Bed Confined ☐Cancer ☐Cardiac ☐CHF ☐COPD ☐CVA / TIA ☐Diabetes ☐Dialysis
☐Frail/Debilitated ☐HIV/AIDS ☐Hypertension ☐Incontinent ☐IVDA ☐Seizures ☐TB ☐Wheelchair Confined ☐Other: __

MEDICATIONS ☐Denies ☑Unknown ☐Compliant   Possible placental pump

ALLERGIES ☐Denies ☐Unknown

## ASSESSMENT

| TIME | B.P. | PULSE | RESP | GCS | TRAUMA # | SKIN | SIGN TEMP. | SKIN COLOR | PUPILS | MENTAL STATUS |
|---|---|---|---|---|---|---|---|---|---|---|
| 05:38 | UTO | 108 | 25 | UTO | | Normal 1 2 ☑ ☐ Moist ☐ ☐ Dry ☐ ☐ | Normal 1 2 ☑ ☐ Warm ☐ ☐ Cool ☐ ☐ | Normal 1 2 ☑ ☐ Pale ☐ ☐ Cyanotic ☐ ☐ Flushed ☐ ☐ Jaundice ☐ ☐ | Normal 1 2 ☑ ☐ Dilated ☐ ☐ R Larger ☐ ☐ L Larger ☐ ☐ Constricted ☐ ☐ Unreactive ☐ ☐ | Alert 1 2 ☑ ☐ Verbal ☐ ☐ Painful Stimuli ☐ ☐ Unresponsive ☐ ☐ |
| 05:42 | UTO | 106 | 26 | UTO | | | | | | |

## TREATMENT

AIRWAY
☐Abdominal/Chest Thrust
☐Modified Jaw Thrust
☐Hyperextension
☐Suction
☐DeLee

OXYGEN THERAPY
☐Bag Valve Mask w/ O₂
☐Mouth to Mask
☐Cannula
☑Non-Rebreather
L.P.M.: 15

IMMOBILIZATION
☐Backboard: ☐Long ☐Short
☐Splint ☐Fixation ☐Traction
☐Head Immobilizer

☐Activated Charcoal
☐Control Bleeding
☐Heat/Cold Application
☐Ipecac __ cc P.O.
☐Insta-Glucose ☐Irrigation
☐Nebulizer
☐Other: __

BLS and ALS INTERVENTIONS
☐I.V. ☐I.O. ☐Saline Lock ☐1-2 Lead
☐Monitor ☐Cardiovert ☐Pacing ☐Draw Blood
☐ET Tube ☐NG Tube ☐Drug Therapy
☐EpiPen ☐Needle Cricothyroidotomy
☐Chest Decompression

ALS Provided By: ☐FD ☐Vol. ☐Other

Presumptive Diagnosis: Respiratory distress 2° chemical irritation

Patient Condition: ☐Critical ☐Unstable ☐Potentially Unstable ☑Stable
☐DOA ☐Rigor mortis ☐Extreme Dependant Lividity ☐Obvious Death ☐Decomposition ☐DNR

## COMMENTS

TIME   EKG RHYTHM / MEDICATION(S)   TREATMENT / RESPONSE

Pt uKnown white male found in police custody. Pt was sprayed with mace by PD after after kicking out window of police car. Pt was placed in restraint bag by Pd. Pt is verbal else very combative. PD advised EMS that pt had placental pump on him. Pt placed on o2 via NRB @ 15 LPM oral ALS requested. Pt PEARL L/S clear equal bilat @LOC Asigns of trauma. @Person/motor/sensa x 4 extremities @abdominal distention x 4 quads Unable to obtain info on pt. For Further info see 49X1 ACR #0658688 Pt transported in 46A1 w/o incident

On-Line Medical Control Channel: __   On-Line Medical Control Physician: __   Number: __   Termination Time: __   Controlled Substance: __   Amount Administered: __

C.S. Administered By Name/Shield: __   Signature: __   URN: __   Amount Wasted: __   Witness Name/Title/Signature: __

Removed to Vehicle By: ☐Chair ☐Walked ☐Carried ☑Scoop / Flat ☐Stretcher

No. Patients Transported: 01

Transport Position: ☐Supine ☐Sitting ☐Prone ☐Restrained ☑Shock ☐Semi/Full Fowlers ☐Left Lateral Recumbent

E.O. Chart No.: __   Insurance ID Number: UTO

Hospital No.: 32   Hosp. Name: EGH
Treated by: 49A1   Transported by: 46A1
10- ☐82A ☐82B ☐82M ☐85 ☐93 ☐94 ☐94A   Driver: __   Tech: __   with 49X1

Disposition: ☐Medicare ☐Medicaid ☐Blue Cross ☐Commercial Insurance ☑Self Pay

Work Related ☐Yes ☑No

Hospital Selection: ☑Nearest ☐Patient / Family Choice ☐Specialty Referral ☐Physician ☐Diversion

Hospital Receiving Agent - Signature: __   Hospital Name: EGH   Time: 0607   FDNY Supervisor - Signature: __   Shield: __   Date: __

EMSC 102.15.01 (3-00)   AMBULANCE COPY (To be turned in to ambulance supervisor)

I hereby certify pursuant to CPLR 2306 and 2307 that this document is a true copy of a Fire Department record kept in the experiment record kept in the course of the Department business.

FIRE DEPARTMENT CITY OF NEW YORK

Date: 2/22/63



EXHIBIT

```
25   E11A    0518  2*A8659-020290433 8659
05   E11A    0518  @*20 ETA 0522
05   D42A    0518  @AF*
0B   D42A    0518  @*
14   D34A    0521  115LT1 @*
14   D34A    0522  115ST1 @*
05   E11A    0523  @*25 46C1 ELSN
12   D41A    0525  0ESB10 10-84   0525 @*
05   D41A    0527  @*MALE BREAK OUT RMP WINDOW---NO FURTHER NEEDED 1
                   399-CW
05   D34A    0530  @AF*2ND REQST FOR EMS----111 & ROOSEVELT----D 232
                   2 HOT
05   E11A    0531  @*21
05   E11A    0531  @*24 90
05   E11A    0533  @D*17 EMS ENROUTE TO 111 ROOSEVELY ... PLZ ADV CO
                   NDITION
05   D41A    0533  @*EMS 699 NTF 1399-CW
0B   D34A    0534  @*
14   D34A    0534  115SP4 @*
05   D43A    0534  @D*AUTH OF EMS LT1 VIA LL--EMS ENROUTE--CW1630
0B   D34A    0534  @*
14   D34A    0536  115A @*
14   D34A    0538  115SP88 @*
12   D41A    0546  0ESB10 10-87   0546 @*
14   D34A    0547  115H @*
14   D34A    0548  115F @*
12   D34A    0549  115H 10-87   0549 @*EGH--
13   D34A    0549  115F 10-98   0549 @*
13   D34A    0550  115ST1 10-98   0550 @*

14   D34A    0552  115LT1 @*
13   D34A    0558  115A 10-98   0558 @*
05   B05A    0608  @N*DU LOWNEY NTFD----SPCT SIMMONS
0B   B13A    0624  @*
14   D34A    0643  115SP88 @*
14   D34A    0651  115H @*
0B   B04A    0651  @*
14   D34A    0705  115LT1 @*
-1H-  14   D34A    0710  115SP4 @*
14   D34A    0714  115SP88 @*
13   D34A    0721  115SP4 10--92C   0721 @*
13   D41A    0721  0ESB10 10-91   0721 @*97H
```

Mr. Manuel Perez
(AKA) Miguel Perez
05 A 1946
Greenhaven, CF
P.O. Box 4000
Stormville, NY 12582

September 28, 2015

Office of the District Attorney
Queens County
Queens County Courthouse
125-01 Queens Blvd.
Kew Gardens, Queens NY  11415

RE: <u>People v. Manuel Perez (AKA Miguel)</u>
     <u>NYSID No. 5720803R</u>

Dear Sirs:

Once again I am addressing a missive to you concerning the following:

On or about July 15, 2015 I contacted your office requesting that I be provided with a copy of the original arrest report of an incident that transpired on January 29, 2002 in which I was charged, that happened in the vicinity of 39-16 111th. Street in Corona, Queens.  The officers involved in this incident were Christopher Camecho and Kerri Hoovert.  As of this date I have not received any information from your office.

I had also requested a copy of the DA's "file jacket" associated with this matter, reflecting the charges and the proceedings had thereto and the disposition.

As of this date I have not received any information from your office and am requesting an immediate response in order to avert having to go through the judicial process to obtain the same.  I am respectfully requesting your cooperation in these matters and take the time, once again, to thank you for your anticipated cooperation.

Sincerely yours,

Manuel Perez

cc: file (4)



Richard A. Brown
District Attorney

**DISTRICT ATTORNEY**
**QUEENS COUNTY**
**125-01 QUEENS BOULEVARD**
**KEW GARDENS, NEW YORK  11415**
**(718) 286-6000**

October 28, ~~2014~~ 2015

Manuel Perez
05-A-1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

Freedom of Information Law Request
People v. *Manuel Perez*
Queens County Indictment #342/02

Mr. Perez:

    We are working on your request relating to the above-referenced matter. Within sixty days from the date of this letter, we will notify you of the result of your request.

Regards,

Rona I. Kugler
Assistant District Attorney
Records Access Officer

RIK/v

Manuel Perez, DIN #05-A1946
Green Haven Correctional Facility
P.O. Box 4000
Stormville, N.Y. 12582

November 3, 2015

Rona I. Kugler
Assistant District Attorney
Queens County District Attorney Office
125-01 Queens Blvd.
Kew Gardens, N.Y. 11415

FREEDOM OF INFORMATION LAW REQUEST
PEOPLE V. MANUEL PERE
QUEENS COUNTY INDICTMENT #342/02

Record Access Officer Rona Kugler:

    I have received a correspondence from your office informing me that based on my prior FOIL request and the receipt of payment, that my request would be processed; and that I would be contacted within 60 days of August 6, 2015.

    As of the writing of this letter, the 60 days has elapsed and I have not received anything from your office. I am asking that you look into this matter and notify me as to the status of this FOIL request.

    The resolution of this matter with disclosure of the requested information would be greatly appreciated. Thank you in advance.

Respectfully,

Manuel Perez

cc:      file

Manuel Perez, 05A1946
Woodbourne Corr. Fac.
99 Prison Road
P.O. Box 1000
Woodbourne, N.Y. 12788


Rona I. Kugler                              March 28, 2016
Assistant Dist. Atty.
125-01 Queens Blvd
Kew Gardens, NY 11415


Re:   Queens County Ind. 342/2002


Dear Hon. Kugler;

        Once again I am addressing a missive concerning the
following letter, of July 15, 2015, September 28, 2015, and
November 3, 2015. Requesting a copy of the arrest reports on
January 29, 2002, approx. 5:04 am., for the charge of criminal
mischief 3rd degree by Officers Hoovert and Camacho from 115
pricenct in Queens.

        Also a copy of the DA's "file Jacket".. Associated with
this matter. (see Attached)

        Thank you for your time, help and cosideration in this
matter.


                                      Sincerely,

                                      Manuel Perez

cc: P.M.



**DISTRICT ATTORNEY**
**QUEENS COUNTY**
**125-01 QUEENS BOULEVARD**
**KEW GARDENS, NEW YORK 11415-1568**
**(718) 286-6000**

RICHARD A. BROWN
DISTRICT ATTORNEY

April 7, 2016

Manuel Perez
05-A-1946
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788

Re: <u>Freedom of Information Law Request</u>
*People v. Manuel Perez*
Queens County Indictment No. 342/02

Dear Mr. Perez

We have received your recent letter dated March 28, 2016, made pursuant to the Freedom of Information Law. In that letter you are inquiring regarding a request for (1) a copy of the arrest reports on January 29, 2002, approximately 5:40 a.m., for the charge of Criminal Mischief in the Third Degree by Officers Hoovert and Camacho from the 115th Precinct and (2) a copy of the DA's file jacket.

Having recently sent you: 115th Precinct Squad Line-Up Forms prepared by Detective Paccio for all three line-ups conducted on January 30, 2002, we have sent your trial folder back to our records room. We will reorder the file and then process your request for these two items. Within sixty days from the date of this letter, we will notify you of the status of your request.

Regards,

Rona I. Kugler
Assistant District Attorney
Records Access Officer

RK/dr

2

Manuel Perez 05A1946
Woodbourne Corr Fac
99 Prison Road
P.O. Box 1000
Woodbourne, N.Y. 12788

Rona I. Kugler                                          June 28, 2016
Assist. Dist. Atty.
125-01 Queens Blvd
Kew Gardens, NY 11415

Re:   Freedom of Information Law Request
      People V. Manuel Perez
      Queens County Indictment No. 342/02

Dear Ms. Kugler:

      I would like to thank you for the three (3) copies you
send to me a few months a go, concerning a line up.

      Here I am sending you a copy of a letter dated April 7,
2016 which you send to me were you had stated that in sixty (60)
days you would give me an answer, which I have not receive
response, and I need a copy of such documents. I am sending you a
copy from original F.I.O.L. Request.

      Also, I would like to remind you that my daughter
Jasmine is waiting for your response of a copy of the D.A.
Oppossition pertaining to the 440.10 Line procedure. Which process
ended in 2015. Please don't forget to call Jasmine, her number
is (917)709-3112 cell phone.

      Thank you for your time, help and consideration on this
matter.

                                    Respectfully,

                                    Manuel Perez



**DISTRICT ATTORNEY**
**QUEENS COUNTY**
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415-1568
(718)286-6000

**Richard A. Brown**
District Attorney

July 22, 2016

Manuel Perez
05-A-1946
Woodbourne Correctional Facility
99 Prison Road
Woodbourne, NY 12788

Re:   Freedom of Information Law Request
      *People v. Manuel Perez*
      Queens County Indictment Number 342/02

Mr. Perez:

    We are working on your request relating to the above-referenced matter and are awaiting receipt of your files from archives.  Within sixty days from the date of this letter, we will notify you of the result of your request.

9/19/16
60 day

Regards,

Anastasia Spanakos
Assistant District Attorney
Records Access Officer

AS/kv



DISTRICT ATTORNEY
QUEENS COUNTY
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415-1568
(718)286-6000

**Richard A. Brown**
District Attorney

October 19, 2016

Manuel Perez
05-A-1946
Woodbourne Correctional Facility
99 Prison Road
Woodbourne, NY 12788

Re:   Freedom of Information Law Request
*People v.  Manuel Perez*
Queens County Indictment Number 342/02

Mr. Perez:

We are working on your request relating to the above-referenced matter and are awaiting receipt of your files from archives.  Within sixty days from the date of this letter, we will notify you of the result of your request.

Regards,

Anastasia Spanakos
Assistant District Attorney
Records Access Officer

AS/kv

originals

(Exhibit R.)

1    on behalf of your client?

2           MR. WORGAN:  Yes.  Before I get into it

3    though, I would like any sentence that I give him that

4    he be given any psychiatric treatment that he needs.

5           THE COURT:  So ordered.

6           MR. WORGAN:  Judge, I am not going to go into

7    the facts of the matters.  You heard the trial, the

8    jury spoke, and we know what the jury believes they

9    know what happened.

10           I am going to ask you to be more lenient with

11   the defendant.  Whether he is malingering now or not, I

12   am not sure.  I think his entire psychiatric

13   background, it goes back a long way, even the doctors

14   who examined him, and I know you found him fit.

15           We know that on a number of occasions he has

16   been found unfit.  The 3.90 found him unfit.  Some of

17   the doctors on the 7.30 found him unfit.  They had done

18   some of his earlier 7.30 examinations and he does have

19   problems.

20           I am not stating that he doesn't or that he

21   is an angel.  I think his psychiatric problems had the

22   polysubstance abuse problems that go back a very, very

23   long way.

24           We know from the testimony of the hearing,

25   his daughter said he is not right in the head.  His

jc