UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   NOT FOR PUBLICATION
MANUEL PEREZ,

               Plaintiff,   **MEMORANDUM AND ORDER**

-against-   16 Civ. 6401 (AMD) (RML)

NEW YORK CITY POLICE DEPARTMENT;
POLICE OFFICER CHRISTOPHER CAMACHO,
115th Precinct; POLICE OFFICER KERRI
HOOVERT, 115th Precinct; DETECTIVE
KENNETH PACCIO, 115th Precinct; RICHARD
A. BROWN; MARYAM N'HA MARGO
LIPKANSKY, Assistant District Attorney;
DISTRICT ATTORNEY OFFICES; and THE
SUPREME COURT, et al.,

               Defendants.
------------------------------------------------------------X
ANN M. DONNELLY, District Judge:

*Pro se* plaintiff Manuel Perez filed this civil rights action on November 7, 2016, alleging constitutional violations related to his January 29, 2002 arrest and later conviction. In a December 9, 2016 Order, the Court granted his request to proceed *in forma pauperis*, dismissed his malicious prosecution and fair trial claims under the doctrines of *res judicata* and collateral estoppel, and directed the plaintiff to show cause why his false arrest and excessive force claims should not be dismissed as time-barred. On January 11, 2017, the plaintiff filed an affirmation in response to the Court's order to show cause. As the plaintiff's affirmation does not set forth sufficient grounds for tolling the statute of limitations, the plaintiff's false arrest and excessive force claims are dismissed, and the complaint is dismissed in its entirety.

As explained in my December 9, 2016 Order, the statute of limitations for civil rights actions brought in New York State is three years. *Owens v. Okure*, 488 U.S. 235, 249-51 (1989); *Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001). Generally, a §1983 claim accrues "when the plaintiff knows or has reason to know of the harm" he or she has

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 1 5 2016 ★

BROOKLYN OFFICE

suffered. *See Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). The Supreme Court has clarified that the statute of limitations for a claim of false imprisonment, which includes false arrest, begins to run at the time the claimant becomes detained pursuant to legal process—"when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

Thus, the plaintiff's excessive force claim accrued on January 29, 2002, when he was arrested and allegedly subjected to excessive force. His false arrest claim accrued at some point prior to his March 29, 2005 conviction and sentencing. Therefore, without tolling, the statute of limitations would have expired well before the plaintiff filed this lawsuit on November 9, 2016.

In his January 11, 2017 affirmation, the plaintiff claims that the statute of limitations should be tolled because he is a "male Hispanic" with an English language deficiency, and because of his history of mental illness. (Aff. ¶¶ 5, 26.) He further claims the doctrine of equitable estoppel, which applies "where plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action," and the continuing violation doctrine require tolling of the statute of limitations. (Aff. ¶¶ 6, 26.) The Court considers each of his claims in turn.

In § 1983 actions, state law tolling rules generally govern. *Wallace*, 549 U.S. at 394; *Board of Regents v. Tomanio*, 446 U.S. 478, 484-86 (1980) (state tolling rules, like state limitations periods, govern federal actions brought under § 1983). New York law provides that the limitations period may be extended where a person is "under a disability" because of "insanity at the time the cause of action accrues." Specifically, the New York Civil Practice Law and Rules provide that:

> If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and

2

expires no later than three years after the disability ceases, . . . the time within which the action must be commenced shall be extended to three years after the disability ceases. . . . The time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues, except . . . where the person was under a disability due to infancy.

N.Y. C.P.L.R. § 208 (McKinney's).

First, the statute provides that even if a plaintiff is "under a disability" because of insanity, the statute of limitations may not be extended by more than ten years. That ten-year period would have expired, at the latest, by March 29, 2015, which is over a year-and-a-half before the plaintiff filed this action. Further, New York courts have defined "insanity" narrowly, finding that it applies "only to those individuals who are unable to protect their legal rights because of an over-all inability to function in society." *Swartz v. Berkshire Life Ins. Co.*, No. 99 Civ. 9462, 2000 WL 1448627, at *4-5 (S.D.N.Y. Sept. 28, 2000) (quoting *McCarthy v. Volkswagen of America, Inc.*, 435 N.E.2d 1072, 1075 (N.Y. 1982)); *see also Dumas v. Agency for Child Development-New York City Head Start*, 569 F.Supp. 831, 833 (S.D.N.Y. 1983) (noting that CPLR § 208 "speaks in terms of insanity, not merely mental illness," and therefore requires a disability of a "severe and incapacitating nature.").

"The test for insanity therefore takes into account not only medical analysis, but also whether the plaintiff has been able to work and function, and whether the plaintiff has attempted to protect the plaintiff's legal rights." *Mulkern v. N.Y. State Police*, No. 08 Civ. 8870 (HB) (LMS), 2010 WL 5584598, at *3 (S.D.N.Y. Dec. 8, 2010) (internal citation omitted), *report and recommendation adopted*, 2011 WL 135001 (S.D.N.Y. Jan. 13, 2011); *see also Tsai v. Rockefeller Univ.*, No. 00 Civ. 329 (SAS), 2002 WL 237843, at *5 (S.D.N.Y. Feb. 15, 2002), *aff'd sub nom. Li-Lan Tsai v. Rockefeller Univ.*, 46 F. App'x 657 (2d Cir. 2002) (noting that

courts have refused to apply tolling "where a plaintiff has evidenced an ability to pursue his or her legal rights during the relevant period.").

In this case, the plaintiff's lengthy history of mental illness shows that he was evaluated and diagnosed with various mental disorders, and prescribed psychotropic medications. (Aff. ¶¶ 13-24.) The plaintiff does not, however, assert that he was unable to function or was incapable of pursuing his legal remedies. Indeed, the record shows that he filed multiple post-conviction applications and a prior civil rights action while receiving mental health treatment. Under these circumstances, the plaintiff does not meet the standard for statutory tolling of the statute of limitations pursuant to CPLR § 208.

The plaintiff also asserts that the statute of limitations should be tolled under the doctrine of equitable estoppel, claiming that the defendants' failure to provide him with requested documentation prevented him from bringing suit in a timely manner. (Aff. ¶¶ 26-29.) Courts have applied equitable tolling in "rare and exceptional circumstance[s]" in which a party has been "prevented in some extraordinary way from exercising his rights." *Zerilli–Edelglass v. New York City Tran. Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citations omitted). When determining whether equitable tolling is appropriate, a district court must analyze whether the party asserting the toll has acted with "reasonable diligence during the time period she seeks to have tolled," and has demonstrated that "the circumstances are so extraordinary that the doctrine should apply." *Id.*, at 80–81 (internal citations omitted). As explained above, the plaintiff has not shown that his mental condition prevented him from taking legal action. He also fails to demonstrate any fraud, misrepresentation, or deception on the part of the defendants that prevented him from bringing suit. Although his affidavit does not include any description of his efforts to obtain documents or the manner in which his efforts were allegedly stymied, he did attach various freedom of information law requests to his complaint, along with the responses that he received. It is true

that in response to several of his requests, the police department informed him that it was "unable to locate records responsive to [his] request," and offered other reasons for denying his request. *See, e.g*, ECF 1, at 31-32, 37-39, 51-52. The plaintiff has not provided any basis for his claim, however, that these responses were fraudulent or that the police department misrepresented anything in its response. Accordingly, the Court finds no grounds for equitable tolling of the statute of limitations.[1]

## CONCLUSION

As the plaintiff has failed to present sufficient grounds for tolling the statute of limitations, the Court finds that his remaining claims are time-barred. The complaint is therefore dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)

**SO ORDERED.**

s/Ann M. Donnelly
———————————
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
February 15, 2017

---

[1] The plaintiff also refers to the continuing violation doctrine as a ground for equitable tolling. (Aff. ¶ 6.) "The continuing violation doctrine is an 'exception to the normal knew-or-should-have-known accrual date." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d. Cir. 2009). To rely on that doctrine, the plaintiff "must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy." *Harrison v. New York*, 95 F.Supp.3d 293, 327, n. 13 (E.D.N.Y. 2015). Here, the plaintiff does not identify any allegedly ongoing policy of discrimination that resulted in his false arrest or imprisonment, nor does he claim that the denials of his FOIL requests were the product of any discriminatory policy. Therefore, the continuing violation doctrine does not apply to these circumstances.

5